# CHARLESTON

## HENRY v. HENRY.

Submitted June 16, 1914.   Decided June 23, 1914.

1. JUDGMENT—*Action on Judgment—Right of Action.*

    To sustain an action thereon, as a debt of record, a judgment or decree must be complete, definitive and absolute. If it is discretionary with the court rendering it, as to its enforcement, or, is subject to modification in such manner as to destroy the apparent right to money due and unpaid which it purports to confer, such right is not a debt of record and the judgment or decree does not sustain the action. (p. 565).

2. SAME—*Foreign Judgment—Full Faith and Credit.*

    A judgment or decree which is not absolute and final in the sense above indicated is not enforcible in this state, by virtue of the Federal Constitution and laws, guaranteeing full faith and credit to judgments in states other than those of their rendition. (p. 565).

3. HUSBAND AND WIFE—*Separate Maintenance—Foreign Judgment—What Constitutes.*

    An order of the Supreme Court of New York, made on motion in a suit for separation, not matured for final hearing, granting to the plaintiff alimony, *pendente lite,* and never in any sense carried into final judgment in the cause, is not enforcible in this state, even as to installments of such alimony, due and unpaid, it being, in effect, a mere interlocutory decree, subject to modification and vacation by the court which entered it. (p. 566).

(LYNCH, JUDGE, absent.)

Error to Circuit Court, Mercer County.

Action by Virginia Lee Henry against John Randolph Henry. Judgment for defendant, and plaintiff brings error.

*Affirmed.*

*Woods & Martin,* for plaintiff in error.

*Sanders & Crockett,* for defendant in error.

POFFENBARGER, JUDGE:

In an action of debt for the recovery of numerous unpaid installments of temporary alimony, ordered to be paid weekly by the defendant herein to his wife, the plaintiff herein, during the pendency of a suit for separation, not divorce, in the

74 W. Va.

564 HENRY v. HENRY. [June 1914.

Supreme Court of New York, for Kings County, by the latter against the former, the Circuit Court of Mercer County, trying the case in·lieu of a jury, found for the defendant and rendered a judgment accordant with the finding, which has been brought here by a writ of error for review.

Upon the hearing of the motion for the order requiring the payment of alimony *pendente lite* and counsel fees, affidavits of the defendant and other witnesses were read and filed in opposition thereto, but the court, on Nov. 19, 1904, ordered the defendant to pay the plaintiff $20.00 per week, during the pendency of the action for the support of herself and her children, none of which was ever paid. At the date of the institution of this action, the allowances so made aggregated $5700.00 and the interest on them for the average time amounted to $934.80, making a total of $6634.80. The suit in which the order was made was not prosecuted to final decree, however. Nothing seems to have been done in it after the entry of said order.

In August 1905, a second suit for absolute divorce and dissolution of the marriage and the custody of their child was instituted by Mrs. Henry and prosecuted to a final decree in her favor, which was entered Oct. 1, 1906.

Recovery was refused by the trial court on account of the character of the order under which the allowances are claimed, it being interlocutory and not final, and of the dissolution of the marriage by the decree in the subsequent suit for divorce, not quite two years after the entry of the order requiring the payment of alimony. Weekly payments, during the pendency of the suit, having been ordered, it is claimed, on the one hand, that the suit is still pending and the installments accruing, and, on the other, that the suit has terminated by abandonment or discontinuance or by force of the dissolution of the marriage, since the suit for separation cannot consistently be deemed to be pending after the termination of the marital relation by the decree of absolute divorce.

. The defendant seems to have appeared in defense of the motion for alimony, but there is no proof of service upon him of the order allowing it, and he never made any defense to the later suit for divorce. He left New York and got beyond

the jurisdiction of the court immediately after the order was made in the first suit, thus preventing enforcement of it and also personal service in the second suit, authorizing rendition of a final decree for alimony in that suit as a part of the decree of divorce. Not having taken a final decree for alimony in the separation suit, Mrs. Henry procured a decree of divorce in the later one in which she could not take a decree for alimony, because there was no jurisdiction therein for such a decree on account of lack of either personal service upon the defendant or appearance by him. Now it is said, she cannot procure a final decree in the first suit because she is no longer the defendant's wife.

Such of these circumstances as are adverted to in argument by the defendant in error are relied upon as tending to sustain the view that the order could not be enforced in the courts of New York, or, at least, would not be, and is, therefore, not enforcible here. Whether it could be or would be enforced there is not conclusive of the case here. If it is subject to complete vacation or modification, so as to destroy the apparent right to the alimony already accrued under it, in whole or in part, no other court is bound to enforce it or could do so consistently with sound legal principles. To enforce it would be to deal with it as a judgment conferring right to the money specified in it. If it is only conditional or subject to the will of the court by which it was entered, it does not confer such right, wherefore it cannot be treated, in other courts, as a judgment. Judgments and decrees are recognized, by courts other than those in which they are rendered, as debts of record, but not unless they are final and complete to the extent of vesting absolute and unconditional right in the persons in whose favor they are made. "In order that a judgment should be available as a cause of action, it is plainly necessary that it should be complete and definitive in its nature and a valid and subsisting legal obligation. Hence no action can be maintained upon a merely interlocutory judgment or order." Black on Judgments, sec. 959. To sustain an action on it as upon a judgment, a decree in chancery must likewise direct payment of a fixed, liquidated and absolute debt in money. Black, Judg. Sec. 962. This principle appli-

cable to actions on judgments and decrees has full force and effect in actions on judgments and decrees of the courts of sister states, the benefit of which are preserved and sustained by the Constitution and laws of the United States. In other words, incomplete, conditional or discretionary orders, judgments and decrees are not within the protection of the full faith and credit clause of the Federal Constitution. "Furthermore, the judgment is conclusive upon the parties only when it is a definitive judgment upon the same cause of action upon its merits. An interlocutory order upon a special application pending the suit is not conclusive upon a similar application in an action in another state. And the rule of conclusiveness does not apply to a suit dismissed for alleged want of prosecution and never tried on its merits, because, under such circumstances, the cause of action remains unlitigated, and there is in fact no judgment." Black, Judg. Sec. 867. And the rule applies in actions to enforce judgments and decrees for alimony in states other than the state of their rendition. *Sistare* v. *Sistare,* 218 U. S. 1; *Lynde* v. *Lynde,* 181 U. S. 187; *Page* v. *Page,* 189 Mass. 85; *Mayer* v. *Mayer,* 154 Mich. 386.

Unlike the decree in *Sistare* v. *Sistare,* relied upon as controlling us in the disposition of this case, and one upon which this action is founded was entered upon a motion before the cause was matured for hearing on its merits. In the Sistare Case, the unpaid alimony was permanent alimony, given by a final judgment. This is temporary accorded by a mere order. The court held that a New York decree for permanent alimony is not susceptible of modification so as to annul the right to money that has become due and payable under it, but only as to money to become due under it in the future. The power of modification is merely prospective, not retroactive. As to decrees for temporary alimony, the Sistare Case decides nothing.

The statutory provisions under which the order was made, sec. 1769 Code, Civ. Proc., says the court, in which the action for separation or divorce is pending, "may, in its discretion, during the pendency thereof, from time to time, make and modify an order or orders, requiring the husband to pay any

sum or sums of money, necessary to enable the wife to carry on or defend the action, provide suitably for the education and maintenance of the children of the marriage, or for the support of the wife, having regard to the circumstances of the respective parties." A further provision to be considered, sec. 1771, Code requires the court to "give, either in the final judgment, or by one or more orders, made from time to time, before final judgment, such directions, as justice requires, between the parties, for the custody, care education maintenance of any of the children of the marriage, and where the action is brought by the wife for the support of the plaintiff."

These provisions read together seem to indicate that the order made on motion before maturity of the cause for final hearing may be allowed to stand as and for a part of the final decree or judgment and does so, unless set aside or superseded by some provisions of the final judgment, and so the New York courts seem to hold. "An order for alimony, *pendente lite,* is superseded by the judgment." *Wood* v. *Wood,* 7 Lans. 204. "If an exparte order for alimony is granted and considerable time afterwards a final decree is made in the cause, and before the notice to set aside such order as irregular, a motion to set it aside after final decree will not be heard." *Longfellow* v. *Longfellow,* Clark's Chy. R. 240. The same case further declares; "A final decree in a cause disposes of the whole cause and of all previous interlocutory questions." The New York code classifies judgments as interlocutory and final, sec. 1200. A subsequent section defining interlocutory judgments has been repealed, Sec. 1201. This leaves the distinction between interlocutory and final decrees, recognized in equity practice in force. *Chamberlain* v. *Dempsey,* 36 N. Y. 144; *Mundorff* v. *Mundorff,* 1 Hem. 41; *Trufant* v. *Merrill,* 37 How. 531.

While the statute does not define interlocutory judgments, the courts construing it, treat them as mere orders, not judgments at all. A decision overruling a demurrer and a decision of the general term affirming it are declared not to be judgments, but mere orders. *Ford* v. *David et al.* 13 How. Pr. 193. A decision disposing of the case, except that a reference

is directed to take an account, is not a judgment. *Lawrence
v. Loan and Trust Co.*, 15 How. Pr. 57. A direction by a court
or judge, not contained in a judgment is an order, Sec. 767
Code. An application for an order is a motion, Sec 768. The
entry here involved conforms to the statute. It neither ad-
judges nor decrees. It simply orders and was entered upon
a motion, and not founded in terms upon the complaint. A
motion is designed to furnish relief in the progress of the
action or proceeding in which it was made; and generally re-
lates to procedure only. *In re Jetter*, 78 N. Y. 601; *Railroad
Co. v. Davis*, 55 N. Y. 145. Such orders fall within the defini-
tions of interlocutory judgments and decrees, over which
courts in other jurisdictions have complete power and control,
and which they modify or wholly vacate at any time, before
final judgment or decree. In this state, a court may modify or
set aside any interlocutory judgment or decree entered by it,
after the close of the term or at any time before it has been
carried into final judgment or decree. *Rheims v. Ins. Co.*, 39
W. Va. 672; *Clark v. Railroad Co.*, 39 W. Va. 732; *Beirne v.
Ray*, 37, W. Va. 571. Such seems to be the law in New York.
*Moore v. Merritt*, 9 Wend. 482, holding that an officer having
power to make an order has power to revoke it. See also, 2
How. Pr. An order directing payment of counsel fees and
alimony *pendente lite*, was held in *Nichols v. Nichols*, 12 Hun.
428, not conclusive of right to accrued and unpaid install-
ments. The plaintiff, in whose favor the order had been made,
in a suit for separation, later began an action for divorce in
Connecticut, and then applied for a subsequent order in New
York to compel payment of the accrued and unpaid alimony,
and the court held the order granting it should be vacated and
all proceedings stayed in the New York suit.

Our conclusion, in view of the New York statutory provis-
ions and their interpretation by the courts of that state, is that
the order awarding the temporary alimony is wholly discre-
tionary as to its enforcement with the New York court, and
may be, by it, wholly set aside so as to destroy the right to
the accrued and unpaid installments, wherefore there is no
right, in the courts of this state, to enforce it. Likely the New
York court would not, under the circumstances, set it aside,

but that is not the test.   It is a question of its power and authority over it.

Agreeably to this conclusion, the judgment complained of will be affirmed.

*Affirmed.*