**Helen Kupfer, Appellee, v. Albert Kupfer, Appellant.**

**Gen. No. 25,125.**

1.  DIVORCE, § 109*—*when court may modify decree by reducing alimony notwithstanding counsel marked decree "O. K."* A court of equity had power to modify a decree for divorce and alimony, by reducing the amount of the alimony, although the original decree had been marked "O. K." by the solicitors for the respective parties.

2.  DIVORCE, § 109*—*when O. K. of decree by counsel does not deprive court of power to modify as to future alimony.* Hurd's, Rev. St. 1915-1916, ch. 40, sec. 18 (J. & A. ¶ 4233), providing that on application the court may from time to time make alterations in the allowance of alimony and support of children, inferentially recognizes that conditions might arise from time to time which would render alterations in such decrees just and reasonable, and the O. K. of defendant's counsel in the case in question did not deprive the court of its power to modify the decree so far as it related to the subject of future alimony.

3.  DIVORCE, § 106*—*decrees for alimony in instalments as not final judgments.* Decrees for the payment of instalments of alimony are not in their nature final judgments.

Appeal from the Superior Court of Cook county; the Hon. OSCAR HEBEL, Judge, presiding. Heard in this court at the March term,

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Kupfer v. Kupfer, 215 Ill. App. 170.

1919.    Reversed and remanded.    Opinion filed October 27, 1919.
Rehearing denied November 10, 1919.

Edward G. Berglund, for appellant.

Joseph A. Weber, for appellee.

Mr. Justice Dever delivered the opinion of the court.

This is an appeal by defendant from an order entered in the Superior Court of Cook county on October 8, 1918, vacating an order of that court entered August 28, 1918.  The order of August 28, 1918, reduced the amount of alimony which defendant was required to pay to complainant under an earlier order of the court from $18 to $12 a week.

It is insisted that the court erred in entering the order of October 8, 1918, the material part of which is:

"The court having heard the arguments of counsel of the respective parties and having examined the original decree entered herein, and it appearing to the court that said original decree was marked 'O. K.' by the solicitors for the respective parties herein, therefore finds that said original decree was a consent decree not subject to change by order of court, it is, therefore, ordered that said order of this court entered herein on, to-wit: August 28th, 1918, reducing the alimony herein, from $18 to $12 per week, be and the same is hereby set aside and vacated."

On the hearing to vacate the order of August 28, 1918, the only evidence submitted was two affidavits, one by the defendant and the other by his solicitor, Clyde C. Fisher.  It appears from these affidavits that divorce proceedings were contested by the parties thereto and that the defendant objected to the entry of a decree for the payment of alimony and in fact did not consent to the entry of the decree.  In the affidavit of Fisher it is stated that he, Fisher, marked the decree "O. K." merely to signify his consent to

the form of the decree. The defendant in his affidavit stated that he had no knowledge of the "O. K." of the decree by his solicitor until August, 1918; that his solicitor had no authority to O. K. the same, and that, in that the decree for divorce was entered in favor of the defendant, the court had no power to award alimony to his former wife.

From an examination of the record it is apparent that the court entered the order of October 8, 1918, on the assumption that the court was powerless to modify the decree which awarded alimony against the defendant, for the reason that the decree bore the O. K. of defendant's solicitor, and the sole question before us is whether the court under the circumstances was without such power. The complainant offered no evidence in support of her motion to vacate, the only evidence heard upon the motion being the two affidavits referred to.

In the original divorce proceedings a cross-bill filed by the complainant was dismissed for want of equity and a decree was entered in favor of the defendant on his bill. The decree upon its face, otherwise than as noted, does not appear to have been entered by consent.

Section 18 of chapter 40, Hurd's Revised Statutes of Illinois, 1915-1916 (J. & A. ¶ 4233), provides that:

"The court may, on application, from time to time, make such alterations in the allowance of alimony and maintenance, and    *    *    *    support of the children, as shall appear reasonable and proper."

In *Hohenadel v. Steele*, 237 Ill. 229, it was held that a decree by consent which fixed the custody of a child, upon a petition showing that material changes had taken place in conditions affecting the welfare of the child could be modified by the court, and the court in that case held that a decree respecting the custody of a child is exceptional in its character and is always regarded as temporary.

While it has been held that a decree by agreement, not being the result of the judgment of the court, could not be impeached or set aside upon a bill of review for errors of law, such decree could be set aside by an original bill in the nature of a bill of review. *Krieger v. Krieger,* 221 Ill. 479.

The record in the instant case does not disclose that a decree was entered solely by the agreement of the parties. It is apparent upon the face of the decree that its entry was the result of a full hearing and argument of the issues presented by the original pleadings, and that it represents not the agreement of the parties, but the judgment of the court upon those issues.

Section 18 of chapter 40 of the statutes above quoted (J. & A. ¶ 4233) gives authority to the court to make, from time to time, such alterations in the allowance of alimony and for the support of children whose interest might be at stake in divorce proceedings as shall appear reasonable and proper. This statute inferentially recognizes that conditions might arise from time to time which would render alterations in such decrees just and equitable.

In *Hilliard v. Anderson,* 197 Ill. 549, the parties to the divorce proceedings agreed upon a lump sum to be paid in full satisfaction of alimony present, past and future. The decree provided, however, that it should not relieve appellant from the duty to provide for the support of the only child of the parties. In deciding the case the court said:

"The decree expressly provided the amount then ordered to be paid for that purpose should be subject to the further order of the court. The express declaration of the retention of power in the court over the amount so to be paid by the husband was not, however, necessary to authorize the court to increase or diminish the allowance, as the changed conditions or circumstances might require. Section 18 of chapter

40 of the Revised Statutes [J. & A. ¶ 4233], entitled 'Divorce,' expressly empowers the court to make such alterations from time to time, after the final decree, in the amount allowed for the care, custody and support of a child or children, as shall appear reasonable and proper. We have approved this statutory provision in many cases in this court.''

Decrees for the payment of instalments of alimony in the future are not in their nature final judgments. *Lynde v. Lynde,* 181 U. S. 187; *Garrett v. Garrett,* 252 Ill. 319.

While it has been held in *Chicago & V. H. Benev. Society v. Chicago & S. H. Aid Society,* 283 Ill. 99, and in other cases, that a decree bearing the O. K. of counsel for a party thereto is binding upon such party and could not be set aside upon a bill of review, such cases are no authority against the contention that under the statute a court of equity has the power, upon reasonable and proper grounds, to modify a decree for the payment of future instalments of alimony; nor do we think that there is merit in the argument that such change can only be made where it appears that a proposed change is for the benefit of minor children. The statute itself makes no such distinction; it authorizes the court to make from time to time any alteration in an award for future alimony where it is made to appear that such change is reasonable and proper. Where in a given case it is shown that a decree for the payment of future alimony could not be enforced, due to lack of means or ability in the party against whom it is intended to operate, the statute would warrant a modification of such order by the court even though in so doing the court might lessen the amount required to be paid under a former order or decree. While there may be merit in the contention that the findings in a decree cannot, subsequent to its entry, be contradicted by affidavit, we are of opinion that the trial court had power, upon a proper

showing by affidavit or otherwise, to modify that part of the decree which provides .for the payment of future alimony; that this power is exceptional and is conferred upon the court by the statute.

We do not regard the cases of *Buck v. Buck,* 60 Ill. 241; *Miller v. Miller,* 234 Ill. 19-20, and others relied upon by counsel for complainant, as holding to the contrary, and even should the O. K. of defendant's counsel amount to a consent to all the terms of the decree—which is not conceded—this' would not deprive the court of its power to modify it so far as it related to the subject of future alimony.

The decree of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*