THE SONTAG INVESTMENT COMPANY, A CORPORATION, OF THE STATE OF INDIANA, *Appellant,* v. THE NAUTILUS REALTY COMPANY, A CORPORATION, MICHAEL SHOLTZ, JAMES K. AKKINSON, DAVID SHOLTZ, BERT FISH, MARGARET B. FISK, M. L. WAGGONER, C. M. CARRIER, T. F. WILLIAMS, ED. LANGWORTHY, S. H. GOVE AND THE NAUTILUS HOTEL COMPANY, A CORPORATION, *Appellees.*

Opinion Filed December 1, 1919.

1. While there is no doubt of the general proposition that a complainant in an equity suit may dismiss his bill at any time before the hearing, it is equally well settled that he cannot do so without an order of court, a practice which implies a certain discretion on the part of the court to refuse such order, if, under the particular facts of the case, a dismissal would be prejudicial to the rights of the defendant.

2. While the court may, upon motion of the complainant, dismiss an equity cause without prejudice at any time, when the dismissal would not materially prejudice the rights of the

34—Vol. 78

defendant, yet if the defendant has entitled himself to affirmative relief, or to hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or will be seriously prejudiced by a dismissal, or where unnecessary and prolonged ligitation is apparent, or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice; but the mere burden, expense and annoyance to the defendant of another suit in the same controversy is not generally regarded as a sufficient ground for denying complainant's application to dismiss without prejudice.

3. Where a dismissal of an equity cause without prejudice is refused upon a proper application of the above principles, the ruling will not be disturbed.

4. An order of a chancellor dismissing an equity cause without prejudice, will not be reversed unless a violation of some applicable principle of law, or an abuse of discretion to the material dertiment of the party affected by the ruling, clearly appears.

5. Where the allegations of a bill in equity that are admitted by demurrer tend to show a right to some relief upon appropriate allegations and prayer and requisite proofs, a motion of the complainant to dismiss the cause without prejudice when no other steps in the cause have been taken, should be granted when apparently the only burden to be thereby put upon the defendants is a continuance of the litigation, which burden under the circumstances shown, does not inequitably affect defendants' rights.

An Appeal from the Circuit Court for Volusia County; Jas. W. Perkins, Judge.

Reversed.

*Stewart & Stewart* and *Theodore A. Johnson,* for Appellant;

*Landis, Fish & Hull,* for Appellees.

PER CURIAM.—The amended bill herein alleges in effect that the complainant investment company was the owner of described real estate; that on June 10, 1910, in consideration of their promise as the representatives of a proposed corporation called The Nautilus Hotel Company, that such company would erect a described hotel upon the land which would greatly enhance the value of other lands of complainant, it conveyed the land to M. L. Waggoner and T. F. Williams, as trustees, for the sole purpose stated; that said Williams and Waggoner and their associates began the erection of the hotel according to the plans and specifications agreed on; that on July 1, 1910, The Nautilus Hotel Company mortgaged the land as security for bonds issued by it; that on July 23, 1910, Williams and Waggoner conveyed the legal title to the land to The Nautilus Hotel Company; that prior to April 25, 1911, all work on the hotel ceased and the hotel has not been erected; that the acting president of The Nautilus Hotel Company and holder of some of the bonds procured Williams, trustee, to foreclose the mortgage for non-payment of interest on the bonds; that the property was sold, and the purchaser conveyed the land to two other parties who conveyed to a trustee who conveyed to The Nautilus Hotel Company; that the conveyances were made without valuable consideration; that none of these several grantees made any attempt to construct said hotel as above described, or to carry out the agreement made with the complainant; that each and every of the above described grantees and each of them, respondents herein, had notice that the said Nautilus Hotel Site was conveyed to M. L. Waggoner and T. F. Williams in trust

to secure erection of hotel to be erected on above described site, and that each and every of the above grantees had notice that the erection of the above described hotel was the only consideration of said conveyance of the Sontag Investment Company, complainant, herein to the said M. L. Waggoner and T. F. Williams.

There are other allegations that need not be stated here.

The prayer is for a decree declaring null and void each of the mentioned conveyances "and revesting in said Sontag Investment Company" the said land free and clear of any claim of the defendants and those claiming under them, and for general relief.

Demurrers to the bill of complaint were filed.

On November 24, 1917, the court denied a motion of complainant for leave to dismiss the cause "without prejudice, at its cost," and on November 28, 1917, the court rendered a decree, which, after reciting the order denying the motion for leave to dismiss the bill of complaint without prejudice, sustained demurrers to the bill and dismissed the bill of complaint as to stated defendants whose demurrers had been sustained.   An appeal was taken by the complainant from the order of November 24, 1917, refusing leave to dismiss the bill without prejudiec, and also from the decree of November 28, 1917, sustaining demurrers and dismissing the bill of complaint. Errors are assigned and argued on both the order and the decree appealed from.

While there is no doubt of the general proposition that a complainant in an equity suit may dismiss his bill at any time before the hearing, it is equally well settled that he can not do so without an order of court, a practice which implies a certain discretion on the part of the court

to refuse such order, if, under the particular facts of the case, a dismissal would be prejudicial to the rights of the defendant. Long v. Anderson, 48 Fla. 279, 37 South. Rep. 216.

While the court may, upon motion of the complainant, dismiss an equity cause without prejudice at any time, when the dismissal would not materially prejudice the rights of the defendant, yet if the defendant has entitled himself to affirmative relief, or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or will be seriously prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent, or an agreement will be violated, or where it is inequitable, the cause will not be dismissed without prejudice; but the mere burden, expense and annoyance to the defendant of another suit in the same controversy is not generally regarded as a sufficient ground for denying complainant's application to dismiss without prejudice. Tilghman Cypress Co. v. John R. Young Co., 60 Fla. 382, 53 South. Rep. 939.

Where a dismissal of an equity cause without prejudice is refused upon a proper application of the above principles, the ruling will not be disturbed. Mayfield v. Wernicke Chemical Co., 65 Fla. 113, 61 South. Rep. 191; Lykes v. Beauchamp, 49 Fla. 333, 38 South. Rep. 603.

An order of a chancellor dismissing an equity cause without prejudice, will not be reversed unless a violation of some applicable principle of law, or an abuse of discretion to the material detriment of the party affected by the ruling, clearly appears. Meffert v. Thomas, 51 Fla. 492, 40 South. Rep. 764; Tilghman Cypress Co. v. John R. Young Co., *supra*.

In view of the nature of the equity sought to be shown

and of the character of the allegations and prayer of the bill of complaint and of the admissions of the demurrers then on file, the defendants not having asked for affirmative relief or acquired any substantial rights because of the suit, a dismissal of the cause without prejudice would not have materially injured any equitable rights of the defendants, and a continuance of litigation would not, in view of the pleadings, inequitably affect the rights of the defendants.

Under the peculiar circumstances of this case, the motion to dismiss the cause without prejudice at complainants' cost, should have been granted.

It is not necessary to discuss other matters.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.