ELIZABETH V. DUSS, *Appellant,* v. J. S. DUSS, JR., *Appellee.*

Division A.

Opinion Filed December 14, 1926.

Petition for Rehearing Denied January 17, 1927.

1. An order allowing temporary alimony is interlocutory in character, and like any other interlocutory order made during the progress of a cause, remains within the control of the court at least until entry of the final decree, in the absence of intervening and effective appellate jurisdiction.

2. It is within the judicial discretion of the chancellor, upon a proper showing, to modify or vacate an interlocutory order allowing temporary alimony, even though such order was originally made by consent of the parties and pursuant to an agreement between them.

3. An order allowing temporary alimony is not in the nature of a final judgment of record, but is merely a temporary or *ad interim* provision for the support of the wife and children until a final determination of the suit.

4. Where a husband seeks relief from a former interlocutory order allowing temporary alimony, the fact that he is in default in. or resists, payment of so ·much thereof as has accrued and is past due does not affect the power of the court to modify its former order, nor does such fact necessarily *require* the court to refuse a reduction otherwise proper, but the circumstances just mentioned may justify a refusal of the reduction.

5. There is a marked distinction between permanent alimony decreed upon a dissolution of the marriage relation, and an allowance *pendente lite* of temporary alimony.

6. In a suit for divorce, an order staying the further progress of the cause so long as the husband remains in default in the payment of temporary alimony is a discretionary order, and the vacation of such an order is also a matter within the judicial discretion of the chancellor.

7. In a suit for divorce, a decree finally dismissing the cause will abrogate a former interlocutory order allowing temporary alimony, and if such final decree be entered while accrued installments of temporary alimony remain unpaid, it will relieve the husband from paying such alimony, unless payment thereof be ordered or otherwise reserved or provided for in such final decree.

8. In a suit for divorce, temporary alimony may ordinarily be allowed the wife pending an appeal by her from an adverse decree, as well as solicitor's fees for prosecuting the appeal, where it is shown that such allowance is necessary for the wife, that the husband is able to pay it, and that the appeal is taken in good faith, but application therefor should be seasonably made, or a failure to do so fully explained.

An Appeal from the Circuit Court of Volusia County.; James N. Perkins, Judge.

Decree affirmed. Petition for temporary alimony and solicitor's fees on appeal denied.

*Chas. E. Pelot* and *Edward E. Fleming,* for Appellant;

*Murray Sams,* for Appellee.

STRUM. J.—This is a suit in which a husband sued his wife for divorce, charging desertion. The defendant wife is appellant here. The complainant husband is appellee. The parties stipulated as to the sums to be paid appellant as temporary alimony and solicitor's fees, and an interlocutory order was entered requiring the payment of the sums so agreed upon "during the pendency of this suit or until the further order of this (the Circuit) Court." A demurrer to the bill of complaint was overruled and defendant answered. The cause was referred to a Master to take the testimony of the parties, and his report was filed on July 21, 1922. Complainant below, the husband, having set down the cause for final hearing, the defendant wife moved for and obtained an order staying the further progress of the cause because the complainant was then in arrears in the payment of alimony pendente lite. It was further ordered that defendant below should have forty days after payment of the past due temporary alimony in which to complete the taking of her testimony.

In this status of the case, and on June 12, 1923, complainant below served notice upon the defendant that on June 18, 1923, complainant would file with the chancellor a motion requesting that he "enter an order dismissing the above entitled cause of record at the expense of complainant, and without prejudice to him." On the date named in the notice, June 18, 1923, defendant filed written objections to the granting of the motion to dismiss upon the grounds that the further progress of the cause had been previously stayed on account of the non-payment by the complainant of accrued alimony pendente lite, which ali-

mony, as well as that accruing subsequent to the stated order, still remained unpaid, and that no order of dismissal could be entered so long as complainant remained so in default. Complainant objected to the granting of said motion upon the further ground that a temporary fee only had been allowed her solicitor and that since the payment thereof further services had been rendered by her solicitor and additional fees had accrued, evidence of which would be proper to be presented when defendant's testimony was taken, the time for taking which had not expired under the former order of the Court because complainant had not paid the past due alimony pendente lite.

The complainant's motion to dismiss appears not to have been filed until June 23, 1923, on which day the chancellor, pursuant to said motion, entered a decree in which it is found that complainant's failure to pay the past due temporary alimony was not wilful but was due to his inability to pay, which finding is apparently based upon the recitations of the motion which was sworn to by the complainant. The chancellor thereupon vacated his former order, entered upon the stipulation of the parties, requiring the payment by complainant of temporary alimony, as well as his previous order staying the further progress of the cause; relieved the complainant from the payment of any and all sums then due and unpaid as accrued temporary alimony, suit money or attorney's fees under the previous order requiring a payment thereof; and dismissed the cause "at the cost of complainant and without prejudice to his interests in the premises." This decree recites "that notice of this motion (to dismiss) had been duly served on the solicitor of record for the Defendant."

On appeal from that decree appellant in effect urges as error the same matters presented by her as objections to the entry of the decree, and further contends that the court was

without authority to relieve appellee of the payment of accrued temporary alimony because appellant had acquired a vested right thereto by reason of its accrual pursuant to the former order; and that the Court was further without authority to relieve appellee of the payment of future temporary alimony because the order requiring the payment thereof was made pursuant to an agreement of the parties which constituted a contract, and could therefore be modified or vacated only by consent of the parties. Defendant also contends that complainant's motion to dismiss the bill of complaint and the decree thereon entered, transcended in scope the notice of hearing served upon defendant, and therefore that the decree was erroneously entered without notice in so far as it relieved of the payment of accrued alimony; and further, that it was error to dismiss the suit "without prejudice" to complainant, because, in the then status of the suit, defendant was entitled to an adjudication of the merits.

It should be borne in mind that temporary alimony only is now under consideration. No question relating to alimony of a permanent nature is involved in this case. The allowance of temporary alimony is not a matter of absolute right to the wife, but rests within the sound judicial discretion of the Court, which discretion is to be exercised in accordance with established rules of law and procedure. Floyd v. Floyd, 108 South. Rep. 896. An order allowing temporary alimony is interlocutory in character, and like any other interlocutory order made during the progress of a cause, remains within the control of the court at least until entry of the final decree, in the absence of intervening and effective appellate jurisdiction. Wester v. Martin, 42 S. E. Rep. 81; also see Mitchell v. Mason, 106 South. Rep. 430. It is therefore within the judicial discretion of the chancellor, upon a proper showing, to modify or vacate an

interlocutory order allowing temporary alimony, even though such order was originally made by consent of the parties and pursuant to an agreement between them. Alimony does not arise from a business relation, but from the relation of marriage. It is not founded upon contract, express or implied, but on the natural legal duty of the husband to support his wife and children. The existing general obligation of the husband to support is made specific by judicial decree of the court of appropriate jurisdiction. Audubon v. Shufeldt, 181 U. S. 575; 45 L. Ed. 1009. The power of the court to enter the decree in the first instance is not dependent upon the agreement of the parties. Neither is the court in any sense bound by the agreement of the parties, but may adopt or reject it as seems consistent and proper to the court. For the same reason the agreement can not preclude the court in the proper exercise of its jurisdiction and power, which exists entirely independent of the agreement, from modifying or vacating its own interlocutory order as may be justified by subsequent developments during the pendency of the cause. Mathews v. Mathews, 204 Pac. Rep. 27; Hughes v. Hughes, 228 Pac. Rep. 675; Brown v. Brown, 239 S. W. Rep. 1093; Jennison v. Jennison, 71 S. E. Rep. 244; Ann Cas. 1912C 441; Pryor v. Pryor, 114 S. W. Rep. 700; Wallace v. Wallace, 74 N. H. 256; Camp v. Camp, 122 N. W. Rep. 521; Warren v. Warren, 133 N. W. Rep. 1009; LeBeau v. LeBeau, 114 Atl. Rep. 28; Phy v. Phy, 236 Pac. Rep. 751, 42 A. L. R. 588; Alexander v. Alexander, 13 App. (D. C.) 334; Soule v. Soule, 87 Pac. Rep. 205; Kupfer v. Kupfer, 215 Ill. App. 170; 19 C. J. p. 225, 266, 271. Some of the cases just cited are from states having a statute expressly authorizing the subsequent modification or vacation of decrees allowing locutory orders granting temporary alimony, confer powers alimony, but those statutes, in so far as they refer to inter-

no broader than the power which inheres in courts of chancery in this state in respect to the interlocutory orders of the character under consideration.

An order allowing temporary alimony is not in the nature of a final judgment of record, but is merely a temporary or *ad interim* provision for the support of the wife and children until a final determination of the suit. Surut v. Surut, 181 N. Y. Supp. 631; Kupfer v. Kupfer, 215 Ill. App. 170. It is held by good authorities in other jurisdictions that such an order is not sufficient to sustain an action of debt for its enforcement, even as to installments past due and unpaid, at least so long as the proceedings in which the order was made remain *in fieri* and the enforcement of the order within the discretion of the court which made it. Henry v. Henry, 82 S. E. Rep. 522; L R. A. 1916B 1024; Kapp v. Seventh Judicial Dist. Court, 107 Pac. Rep. 95, Ann. Cas. 1912D 177; Van Horn v. Van Horn, 93 Pac. Rep. 670; Hunt v. Monroe, 91 Pac. Rep. 269, 11 L. R. A. (U. S.) 249. It has also been held in other jurisdictions that an order allowing temporary alimony, unlike a decree for permanent alimony, does not create a lien on the husband's property during the pendency of the suit (Houston v. Timmerman, 21 Pac. Rep. 1037, 11 A. S. R. 848, 4 L. R. A. 716) ; nor does it constitute a decree in equity for the payment of money; nor a judgment on which execution can issue (1 R. C. L. 907) ; nor an absolute debt within the meaning of the Federal Bankruptcy Act. Aubudon v. Shufeldt, 181 U. S. 575; 45 L. Ed. 1009; Wetmore v. Marker, 196 U. S. 68, 49 L. Ed. 390. This court has held that alimony is not a debt for which imprisonment is forbidden by the Constitution. *Ex parte* Bronk, 43 Fla. 461, 51 South. Rep. 248; see also Tolman v. Leonard, 6 App. (D. C.) 224; *Ex parte* Perkins, 18 Calif. 60; Barclay v. Barclay, 56 N. E. Rep. 636; 51 L. R. A. 351.

Where a husband seeks relief from a former interlocutory order allowing temporary alimony, the fact that he is in default in, or resists, payment of so much thereof as has accrued and is past due does not affect the power of the court to modify its former order, nor does such fact necessarily *require* the court to refuse a reduction otherwise proper (Craig v. Craig, 45 N. E. Rep. 153; Kingman v. Kingman, 200 Ill. App. 338; Barclay v. Barclay, 56 N. E. Rep. 636, 51 L. R. A. 351), but the circumstances just mentioned may justify a refusal of the reduction. Rigney v. Rigney, 62 N. J. Eq. p. 8; Cole v. Cole, 31 N. E. Rep. 109. The Court of Appeals of the District of Columbia has held: "The allowance of alimony is not in the nature of an absolute debt. It is not unconditional and unchangeable. It may be changed in amount, even when in arrears, upon good cause shown to the court having jurisdiction." Tolman v. Leonard, 6 App. D. C. 224. The quoted language was again approved by that court in Alexander v. Alexander, 13 App. (D. C.) 352; 45 L. R. A. 813, and both the cases just cited were subsequently cited with approval by the Supreme Court of the United States in Audubon v. Shufeldt, 181 U. S. 575; 45 L. Ed. 1009. That view, when applied to temporary alimony granted upon interlocutory order, is unquestionably correct. We see nothing in the case of Sistare v. Sistare, 218 U. S. 1, 54 L. Ed. 905; 28 L. R. A. (N. S.) 1068, cited by appellant, which conflicts with the views here expressed. Since the enforcement of an interlocutory order for the payment of temporary alimony in this State, in the absence of intervening and effective appellate jurisdiction, remains so completely within the discretion and control of the court which rendered it that, at least until final decree, it may be annulled or modified, even as to past due and unpaid installments, such decrees are within the category expressly excepted, in the

Sistare case, *supra,* from the protection of the full faith and credit clause of the Federal Constitution, so long, at least, as the proceedings in which the order was made remained *in fieri* and its enforcement within the judicial discretion of the court which made it. Henry v. Henry, 82 S. E. Rep. 522; L. R. A. 1916-B 1024. Moreover, the case of Sistare v. Sistare, *supra,* and most of the other cases of similar import cited by appellant (See Guess v. Smith, Ann. Cas. 1914-A 302, 56 South. Rep. 168), deal with questions relating to past due installments of alimony of a permanent character, not with the allowance of temporary alimony upon interlocutory order, the enforcement of which still remained within the discretion of the court. When considering this question it should always be borne in mind that there is a marked distinction between permanent alimony decreed upon a dissolution of the marriage relation, and an allowance *pendente lite* of temporary alimony. In respect to the latter the parties stand before the court in the continued relation to each other of husband and wife; but in respect to alimony allowed and to be paid after divorce from the bonds of matrimony, they stand before the court in such a status that the legal liability of the divorced husband to pay the permanent alimony is in the nature of an obligation or duty to a stranger. See: Craig v Craig, 45 N. E. Rep. 153. Since, therefore, there is no absolute or vested right in the wife to receive or collect temporary alimony so long at least as the proceedings remain *in fieri* and the enforcement of the order allowing it remains subject to annulment or modification within the judicial discretion of the court that made the order, the chancellor did not exceed his authority in relieving the husband of payment of both accrued and future alimony *pendente lite,* nor upon the showing before us can we say

that the chancellor clearly erred in the exercise of his discretion upon the facts before him.

The original entry of the order staying the further progress of the cause so long as the husband remained in default in the payment of temporary alimony was also a discretionary order. Such an order is sometimes resorted to as a means of coercion upon the defendant husband to secure the payment of past due temporary alimony instead of applying for a rule to show cause why the delinquent husband should not be held in contempt. Being a discretionary order, its vacation is also a matter within the judicial discretion of the chancellor, and there is no sufficient showing of fact in this cause to lead us to the conclusion that the chancellor was clearly in error in making the latter order.

We now consider the sufficiency of complainant's notice of the motion to dismiss. The only point made against the notice is that it was not broad enough to embrace the subject matter of the motion and the decree entered thereon. In order to determine the sufficiency of the notice in the respect named, it is necessary to consider the effect of a final decree of dismissal upon a previous interlocutory order for the payment of temporary alimony in a suit for divorce. The general rule of procedure is that all provisional or interlocutory proceedings in a cause are merged in and disposed of by the final decree therein. Longfellow v. Longfellow, Clark Ch. 344; Henry v. Henry, 82 S. E. Rep. 522; L. R. A. 1916-B 1024. Interlocutory or temporary injunctions cease upon a decree dismissing the cause. A receivership created by interocutory order would terminate under the same conditions. We see no distinguishing characteristic in an interlocutory order for the payment of temporary alimony to except it from the general rule. The dismissal of the cause clearly terminates the operation of such an

order so far as future payments are concerned. Wood v. Wood, 7 Lans. (N. Y.) 204; Swallow v. Swallow, 82 Atl. Rep. 872; Caldwell v. Caldwell, 128 S. E. Rep. 329; Harvey v. Harvey, 123 Atl. Rep. 82. The three cases last cited also hold or intimate that the dismissal of the cause does not affect the right of the wife to collect accrued and unpaid temporary alimony. See also Millar v. Millar, 167 Pac. Rep. 394; Ann. Cas. 1918E 184; L. R. A. 1918-B 415. But we are unable to see how, under our practice, the vitality or operation of an interlocutory order of the character under consideration could survive the final and unconditional dismissal of the cause in respect to installments accrued and unpaid any more than such order would survive that event in respect to future payments. As we have seen, so long at least as the enforcement of an interlocutory order for temporary alimony remains within the discretion of the Court which made it, the wife acquires no vested right to such alimony, for the order allowing it may be modified at any time, even as to installments accrued and unpaid. Such an interlocutory order is not a final judgment for the payment of money, nor one upon which an execution will issue. Neither will it support an action for debt. All proceedings to compel the payment of temporary alimony allowed by interlocutory order must be taken in the cause in which the order was granted. If such proceedings were taken, the final dismissal of the cause would clearly be a good answer thereto. If the rule were otherwise, it would lead to the anomaly of adjudging a delinquent husband in contempt for failure to obey an interlocutory order, although the cause in which such order was made had been unconditionally dismissed by final decree. We do not wish to be understood as saying that the chancellor may not require the payment of accrued alimony, or adjudge appropriate punishment against a delinquent husband, before dis-

missing the cause, or that appropriate provisions may not be made for those matters in the decree of dismissal. We speak now solely of the effect of a decree merely dismissing the cause and containing no provision whatever with respect to the payment of accrued temporary alimony. Such a decree of dismissal necessarily displaces and disposes of all interlocutory and provisional orders in the cause, when entered in a suit for divorce, such a decree will abrogate a former interlocutory order allowing temporary alimony, and hence, if entered, while acrued installments remain unpaid it will relieve the husband from paying such alimony, unless payment thereof be ordered or otherwise reserved or provided for in such final decree. In re; Thrall, 42 N. Y. Supp. 439; Aff. 47 N. E. Rep. 1111; Wright v. Wright, 6 Tec. 29; Chestnut v. Chestnut, 77 Ill. 346; Persons v. Persons, 7 Hump. (26 Tenn.) 183; In re: Fanning, 41 N. W. Rep. 1076; Weaver v. Weaver, 33 Ga. 172; Bishop on Marriage and Divorce (6th Ed.) p. 378; see also McCaleb v. McCaleb, 169, Pac. Rep. 1023; Brisendine v. Brisendine, 111 S. E. Rep. 22; Coons. v. Coons, 236 S. E. Rep. 364; Walter v. Walter, 15 App. (D. C.) 333. The defendant had notice that complainant would move for a decree of dismissal, and the decree actually entered was no broader in its ultimate effect than a decree of the character named in the notice.

Other assignments presented, including the assignment questioning the correctness of the dismissal of the cause without prejudice, have been examined but no reversible error found. See: Sontag Inv. Co. v. Nautilus Realty Co., 78 Fla. 529; 83 South. Rep. 389; Eisenbach v. Eisenbach, 142 N. W. Rep. 345; Ann Cas. 1917-A 1196; Coon v. Coon, 129 N. W. Rep. 12: 19 C. J. 147.

The decree appealed from is affirmed.

The final decree of dismissal below was entered on the 23rd day of June, 1923. This appeal was taken on the 12th day of December, 1923, and was heard upon oral argument in this court on October 6, 1926. On October 22, 1926, nearly three years after the appeal was taken, and after the cause had been finally submitted to and was under consideration by this Court, the defendant below, the appellant here, filed in this court a petition for the allowance of further temporary alimony during the pendency of this appeal and for solicitor's fees for prosecuting the same. Temporary alimony may ordinarily be allowed the wife pending an appeal, as well as solicitor's fees for prosecuting the same, where it is shown that such allowance is necessary for the wife, that the husband is able to pay it, and that the appeal is taken in good faith, but application therefor should be seasonably made, or a failure to do so fully explained. In proper cases, and upon an adequate showing of necessity and ability to pay, temporary alimony and solicitor's fees may be decreed, the operation of the former to relate back to some prior time, and the latter for services already rendered, the matter resting within the discretion of the court. In the absence, however, of strong extenuating circumstances, which do not appear from the petition now before us, an application therefor should at least come no later than the final submission of the cause on its merits on appeal, especially when the cause has stood upon appeal for nearly three years, during which time no such application was made. The petition for temporary alimony and solicitor's fees pending the appeal is therefore denied.

Decree affirmed.

Petition denied.

ELLIS, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.