420 So.2d 660 (1982)
Theodore D. AYLWARD, Appellant,
v.
Gail P. AYLWARD, Appellee.
Nos. 81-1398, 81-1832.
District Court of Appeal of Florida, Second District.
October 20, 1982.
Stephen W. Sessums of Albritton, Sessums & McCall, Tampa, for appellant.
Ann Loughridge Kerr, Tampa, for appellee.
GRIMES, Judge.
The husband appeals from a judgment of dissolution which awarded the wife $3,500 per month in permanent periodic alimony and $2,000 per month in child support. The *661 judgment also awarded the wife $150,000 in lump sum alimony payable over nine equal annual installments. As further lump sum alimony, the court granted to the wife the husband's totally owned interest in a $25,000 sailboat and the husband's one-half interest in the marital home. The husband's one-half interest in the equity of the home was worth $87,500.
The parties were married in 1965 while the husband was in medical school. At the outset, the wife worked as a nurse thereby providing some financial assistance to the husband while he was finishing school. The wife now stays home taking care of the parties' four minor children. Both parties are in good health. The husband has established a very successful medical practice. By working long hours as a surgeon, he had earned $404,000 in the year which preceded this dissolution action. Under these circumstances, the liberal provisions for permanent periodic alimony and child support were justified.
In ordering the lump sum alimony, the court was apparently seeking to equitably divide the parties' assets into shares of approximately equal value. Since none of these assets were acquired outside of the marital relationship, such a procedure is permissible under the rationale of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). See Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980). The wife's investigative auditor expressed his opinion that the parties' net worth was $953,157. Certain discrepancies in this testimony suggest that the valuation was too high.[1] However, the trial judge seemed to take this into consideration when he found that the net worth of the parties was "in excess of $800,000," and by ordering a division of assets in line with the latter figure. Therefore, we cannot say that the court abused its discretion in making the lump sum alimony awards.
There is one additional point to be considered. After the final judgment, the court held the husband in contempt for failure to make certain payments. Included among these arrearages was $584 in temporary support which the husband had failed to pay before the entry of the final judgment. This was a matter which should have been brought up at the final hearing. Because the final judgment makes no reference to this matter, the wife cannot now seek to enforce compliance with the temporary order. See Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1926); Rankin v. Rankin, 275 So.2d 283 (Fla. 2d DCA 1976). Cf. Keller v. Keller, 302 So.2d 795 (Fla. 3d DCA 1974), in which as part of the final judgment the court reduced to judgment the arrearages from prior orders for temporary relief.
We affirm the judgment of dissolution. Except as set forth above, the order of contempt is also affirmed.
BOARDMAN, A.C.J., and DANAHY, J., concur.
NOTES
[1] For example:

(1) Inclusion of $152,346 of accounts receivable without making any reduction for bad debts when the evidence showed that the husband never collects at least one third of his accounts.
(2) Making no allowance for the income tax liability applicable to such portion of the accounts receivable as would be collected.
(3) Ignoring the income tax liability on monies collected in the past year.
(4) Treating the husband's unvested profit sharing and pension plan as worth its face value despite the fact that the money can only be obtained, without adverse tax consequences, by waiting until retirement.
(5) Considering an $80,000 irrevocable ten year Clifford trust established for the children at its face value rather than at its present value even though the principal will not revert to the husband until the trust terminates.
(6) Estimating the value of a power boat simply by adding all of the prior payments made on the boat, including interest, to the amount which remained owing on the boat.