579 So.2d 358 (1991)
Jeffrey SKINNER, Appellant,
v.
Lisa SKINNER, Appellee.
No. 88-3337.
District Court of Appeal of Florida, Fourth District.
May 15, 1991.
Michael K. Davis of Davis & Bass, Davie, for appellant.
Caryn S. Grainer of Caryn S. Grainer, P.A., Hollywood, for appellee.
DOWNEY, Judge.
This is a non-final appeal from an order granting a motion for relief from a final judgment of dissolution of marriage pursuant to Florida Rule of Civil Procedure 1.540(b)(1), and directing appellant, husband, to pay a medical bill incurred by the wife prior to entry of the final judgment.
It appears that, while the parties were engaged in a suit for dissolution of their marriage, an order for temporary relief was entered, which, among other things, directed the husband to pay a medical bill incurred by the wife. When it was not paid, the wife sought a second order of contempt, which motion remained pending when the final judgment was entered on February 8, 1988. However, prior to proceeding to final judgment, the parties entered into a "Property Settlement Agreement," which contained releases of all claims against the other party except as provided in the agreement.
After entry of the judgment, the wife moved to hold the husband in contempt for failure to pay the subject medical bill. The trial court denied relief based upon lack of jurisdiction, which prompted the wife to file a petition for relief from judgment, based upon Florida Rule of Civil Procedure 1.540(b)(1). The motion was granted and the husband was ordered to pay the bill. Instead, he filed a petition for writ of certiorari to this court, resulting in a denial for jurisdictional reasons. Skinner v. Skinner, 541 So.2d 176 (Fla. 4th DCA 1989). The Supreme Court of Florida accepted *359 jurisdiction based upon a certified question, and quashed this court's decision and remanded the cause for further proceedings in Skinner v. Skinner, 561 So.2d 260 (Fla. 1990). The matter is now before the court for disposition on the merits.
Appellant, husband, contends the trial court erred in granting the wife's Rule 1.540 motion for relief from the judgment and ordering payment of the medical bill for two reasons: 1) the interlocutory order directing payment of the medical bill did not survive the final judgment into which all interlocutory matters merged, and 2) the parties settled their differences and entered into a property settlement agreement specifically releasing each other from all claims except as provided in the agreement, thus barring any further claim for said bill. We agree with the husband's contentions on both scores.
The wife's motion for relief from judgment, while mentioning all of the grounds stated in the rule, was based upon her mistake in signing the property settlement agreement because she did not realize the obligation for the medical bill was released by the agreement. The law is well settled that unilateral mistakes of law such as this and misunderstanding of possible results of judicial decrees and judgments are not grounds for relief. Kuykendall v. Kuykendall, 301 So.2d 466 (Fla. 1st DCA 1974).
In Aylward v. Aylward, 420 So.2d 660 (Fla. 2d DCA 1982), the court considered a situation similar to the one presented here. In that case the husband had been ordered to pay support but he failed to make all of the payments by the time the final judgment was entered. Therefore, after judgment, the trial court held the husband in contempt for failure to pay the arrearage. The district court reversed, holding:
This was a matter which should have been brought up at the final hearing. Because the final judgment makes no reference to this matter, the wife cannot now seek to enforce compliance with the temporary order.
Id. at 661. In Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1926), the Supreme Court of Florida described the effect of a final judgment upon a previous interlocutory order awarding temporary alimony as follows:
The general rule of procedure is that all provisional or interlocutory proceedings in a cause are merged in, and disposed of, by the final decree therein. Interlocutory or temporary injunctions cease upon a decree dismissing the cause. A receivership created by interlocutory order would terminate under the same conditions. We see no distinguishing characteristic in an interlocutory order for the payment of temporary alimony to except it from the general rule. The dismissal of the cause clearly terminates the operation of such an order so far as future payments are concerned. The three cases last cited also hold or intimate that the dismissal of the cause does not affect the right of the wife to collect accrued and unpaid temporary alimony. But we are unable to see how, under our practice, the vitality or operation of an interlocutory order of the character under consideration could survive the final and unconditional dismissal of the cause in respect to installments accrued and unpaid any more than such order would survive that event in respect to future payments. As we have seen, so long at least as the enforcement of an interlocutory order for temporary alimony remains within the discretion of the court which made it, the wife acquires no vested right to such alimony, for the order allowing it may be modified at any time, even as to installments accrued and unpaid. Such an interlocutory order is not a final judgment for the payment of money, nor one upon which an execution will issue. Neither will it support an action for debt. All proceedings to compel the payment of temporary alimony allowed by interlocutory order must be taken in the cause in which the order was granted. If such proceedings were taken, the final dismissal of the cause would clearly be a good answer thereto. If the rule were otherwise, it would lead to the anomaly of adjudging a delinquent husband in contempt for failure to obey an *360 interlocutory order, although the cause in which such order was made had been unconditionally dismissed by final decree. We do not wish to be understood as saying that the chancellor may not require the payment of accrued alimony or adjudge appropriate punishment against a delinquent husband, before dismissing the cause, or that appropriate provisions may not be made for those matters in the decree of dismissal. We speak now solely of the effect of a decree merely dismissing the cause and containing no provision whatever with respect to the payment of accrued temporary alimony. Such a decree of dismissal necessarily displaces and disposes of all interlocutory and provisional orders in the cause. When entered in a suit for divorce, such a decree will abrogate a former interlocutory order allowing temporary alimony, and hence, if entered while accrued installments remain unpaid, it will relieve the husband from paying such alimony, unless payment thereof be ordered or otherwise reserved or provided for in such final decree.
Id., 111 So. at 385-386 (citations omitted).
Concluding, we hold that the trial court could have reduced the arrearage to judgment in the final judgment. Since it is silent as to said arrearage, that concluded the wife's entitlement to recover it. Furthermore, the wife expressly contracted in the property settlement agreement to release the husband from "all claims or demands of whatever kind up to the date of this agreement."
The trial court thus erred in granting the wife relief from the judgment requiring that we reverse the order appealed from.
REVERSED.
WARNER and FARMER, JJ., concur.