KLEIN, Judge.
The issue before us is whether a temporary child support order, which required the father to pay a monthly amount retroactive to the date of the filing of the petition, was incorporated in the final judgment so as to make it enforceable in a post-judgment contempt proceeding. Although the final judgment is not entirely clear in that regard, the trial court’s written findings of fact, which were incorporated in the final judgment, indicate that it was the court’s intent that the temporary child support order remain in effect, and we therefore conclude that the order is enforceable.
The case primarily relied on by the father is Skinner v. Skinner, 579 So.2d 358 (Fla. 4th DCA 1991), which holds that where a final judgment is “silent” as to an arrearage, the temporary order is no longer enforceable. In Skinner we quoted Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1926), in which our supreme court came to the same conclusion that a temporary award is unenforceable where the final decree contained “no provi *1076 sion whatever” regarding an interlocutory order on a temporary alimony arrearage.
Here the final judgment cannot be characterized as being “silent” as to the arrearage, as in Skinner, or “containing no provision whatever,” as in Duss. The court’s written findings reflect the court’s intent that the temporary arrearage order remain in effect, and the final judgment specifically incorporates the findings. We therefore affirm, but remind trial courts and counsel preparing dissolution judgments that unless temporary orders are incorporated in the final judgment they are not enforceable after final judgment.
POLEN and PARIENTE, JJ., concur.