BROWNING, J.
The former wife appeals a post-final judgment order denying her motion to enforce the trial court’s previous interlocutory orders granting her temporary financial support. “The general rule of procedure is that all provisional or interlocutory proceedings in a cause are merged in, and disposed of, by the final decree therein.” Duss v. Duss, 92 Fla. 1081, 1090, 111 So. 382, 385 (Fla.1926). This issue was waived by the appellant in the proceedings in the trial court. See id. (stating that decree dismissing divorce suit, entered while accrued installments of temporary alimony remained, relieved former husband of obligation to pay arrear-ages, absent provision holding otherwise in final order); Skinner v. Skinner, 579 So.2d 358 (Fla. 4th DCA 1991) (indicating that interlocutory order directing former husband’s payment of former wife’s medical bill did not survive final dissolution judgment into which all interlocutory matters merged); Danoff v. Danoff, 503 So.2d 923 (Fla. 4th DCA 1987); Aylward v. Aylward, 420 So.2d 660 (Fla. 2d DCA 1982) (holding that because final judgment of dissolution made no references to arrearages in temporary support that former husband had failed to pay before entry of final judgment, former wife could not seek to enforce compliance with previous temporary order).
AFFIRMED.
POLSTON and HAWKES, JJ. concur.