STEVENSON, J.
EDE Properties, Inc. and Edward Ec-kert, appellants, challenge an order wherein the trial court found that it did not have jurisdiction to award “additional damages” in favor of appellants nearly a year after entry of final judgment in the case. We affirm.
This appeal arises out of a business dispute between a father, Bernhard Eckert, and a son, Edward Eckert. Edward Ec-kert is the sole shareholder of EDE Properties, Inc. In two separate loans, EDE Properties borrowed more than $800,000 from Bernhard Eckert. The first loan was in the amount of $540,000 and secured by a mortgage on property in Coconut Creek. The second loan was in the amount of $341,900 and secured by a mortgage on the same property in Coconut Creek and also by a mortgage on property in Deerfield Beach.
Subsequently, EDE Properties and Edward Eckert (hereinafter collectively re *386 ferred to as EDE Properties) sued Bern-hard Eckert. The complaint alleged that EDE Properties had contracted for the sale of the Coconut Creek property. As a consequence of the sales contract, EDE Properties sought an estoppel letter from Bernhard Eckert requesting loan pay-off information. The complaint alleged that the lender refused to provide this information, thereby precluding the sale of the property. Moreover, according to the complaint, Bernhard Eckert had made representations to the would-be buyer that, in fact, he was the true owner. Based upon these allegations, EDE Properties sought monetary damages, alleging causes of action for tortious interference (count I); breach of statutory duty to provide pay-off information (count II); and slander of title (count TV). Additionally, in count III, EDE Properties sought injunc-tive relief, requesting that the court (1) preclude Bernhard Eckert from interfering with the sale of the property and (2) either compel Bernhard Eckert to provide the pay-off information and estoppel letter or, in the alternative, judicially establish the amounts.
Shortly after the filing of the complaint, EDE Properties filed a motion for temporary injunctive relief in the form of an order compelling Bernhard Eckert to provide the estoppel information. The trial court granted the motion for temporary injunctive relief and entered an order directing Bernhard Eckert to provide the estoppel information within five' days. Subsequently, EDE Properties served a motion for contempt and attorney’s fees, pointing to Bernhard Eckert’s failure to provide the pay-off information despite the trial court’s order. The trial court granted the request for attorney’s fees and issued an order directing Eckert to show cause why he should not be held in contempt. There is nothing in the record indicating that the matter was addressed further or that Bernhard Eckert was actually held in contempt of court for his failure to provide the information.
Approximately six months later, in January 2002, the trial court entered final judgment on the complaint in the amount of $336,616.16 on EDE Properties’ claims for damages resulting from Bernhard Eckert’s failure to provide the pay-off information.[1] In the final judgment, the court reserved jurisdiction to award fees, costs, and “future damages” that might be incurred. The final judgment was silent as to the claim for injunctive relief.
In December 2002, nearly a year after entry of the final judgment, EDE Properties filed a motion styled “Plaintiffs Motion to Compel and/or to Determine Es-toppel Information for Closing and for Contempt.” In the motion, EDE Properties requested that the court compel Bern-hard Eckert to provide the pay-off information for the mortgage secured by the Deerfield Beach property or, alternatively, to judicially determine the amount of payoff. EDE Properties also sought to have Bernhard Eckert held in contempt for his failure to comply with the earlier order directing him to provide the pay-off information.
The following month, January 2003, EDE Properties filed a motion seeking the award of “additional damages” that it allegedly suffered with respect to both the Coconut Creek and Deerfield Beach properties as a consequence of Bernhard Ec-kert’s failure to provide the mortgage payoff information. These “additional damages” included, but were not limited to, the following: (1) some $409,712 in additional mortgage payments; (2) legal fees, costs and a settlement incurred in a suit styled, *387 Brenner Equities Group, Inc. v. EDE Properties, which resulted when the contract for the sale of the Coconut Creek property fell through; (3) additional legal fees and costs incurred in the case before the court; and (4) the interest lost on what would have been the proceeds of the sale of the Coconut Creek property. In seeking this relief, EDE Properties acknowledged that the January 2002 judgment had been executed upon and satisfied, but pointed to the reservation of jurisdiction in the final judgment as a basis to award these damages.
The trial court denied both motions and held that it did not have jurisdiction to adjudicate the motion for additional damages nor the motion to determine estoppel information since the January 2002 final judgment had been satisfied. We believe that the trial court was correct. Here, once the judgment was satisfied, it was no longer subject to amendment. See Morris N. Am., Inc. v. King, 430 So.2d 592 (Fla. 4th DCA 1983). Further, the August 2000 temporary injunctive order requiring that Bernhard Eckert provide the pay-off information merged into the January 2002 final judgment. See Skinner v. Skinner, 579 So.2d 358, 359 (Fla. 4th DCA 1991)(“ ‘The general rule of procedure is that all provisional or interlocutory proceedings in a cause are merged in, and disposed of, by the final decree therein.’ ”)(quoting Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1926)); see also Adoption Hot Line, Inc. v. State, Dep’t of Health & Rehabilitative Servs., Dist. XI ex rel. Rothman, 385 So.2d 682, 684 n. 2 (Fla. 3d DCA 1980)(“A temporary injunction is clearly not conclusive; its provisions may be merged in, or dissolved by, the final decree.”). Count III of the complaint sought an injunction from the court requiring the appellee to provide the pay-off information. The final judgment failed to address the injunctive relief claim and EDE Properties took no steps to ensure that it did.
Having considered all issues raised and finding them to be without merit, we affirm the order on review.
WARNER and GROSS, JJ., concur.

. Bernhard Eckert did not appear for the trial that resulted in the final judgment.