PER CURIAM.
The appellant/plaintiff below, Hecht Consulting Corporation, appeals a final judgment entered in favor of the defendants after the trial court granted the defendants’ motion for summary judgment on plaintiffs claims against Manors XI and XII for breach of contract and unjust enrichment, and against Pointe Management for civil theft. We agree with the trial court’s interpretation of the contracts and hold that, as a matter of law, the Manors defendants paid plaintiff everything it was owed under the contracts, thus defeating plaintiffs claims for breach of contract and unjust enrichment. Likewise, plaintiffs claim against Pointe Management for civil theft fails because, as a matter of law, Pointe Management could not be liable for the civil theft of funds to which plaintiff was not entitled under the contracts with the Manors defendants. The trial court properly entered judgment in favor of the defendants as to all of plaintiffs claims, and we affirm the final judgment. However, we write to discuss the effect of an interlocutory summary judgment order directing plaintiff to refund to the Manors defendants the portion of plaintiffs fee which, the trial court concluded, was in violation of the 10% cap set forth in rule 69B-220.201(5)(b) of the Florida Administrative Code.
To provide clarity to the parties going forward, we note that the final judgment was silent as to any requirement that plaintiff refund any portion of its fee to the defendants. From the four corners of the final judgment, there is no requirement that plaintiff pay anything to any of the defendants. We therefore hold that the final judgment did not require plaintiff to refund $89,226.92 of its fee to the Manors defendants. To the extent that the interlocutory order granting summary judgment was inconsistent with the final judgment, the interlocutory order did not survive the final judgment. See Skinner v. Skinner, 579 So.2d 358, 359-60 (Fla. 4th DCA 1991) (interlocutory order directing former husband’s payment of former wife’s medical bill did not survive final judgment into which all interlocutory matters merged; the trial court could have *269 reduced the arrearage to judgment in the final judgment, but since the final judgment was silent as to the arrearage, the wife was not entitled to recover it).
In light of our conclusion that the final judgment does not require plaintiff to refund any money to the Manors defendants, we need not address plaintiffs arguments regarding whether rule 69B-220.201(5) can apply to claims arising out of states of emergency declared before September 3, 2006,[1] whether plaintiffs fee of 9% for public adjusting services and 4% for appraisal services actually violated that rule, or whether the trial court improperly awarded relief that was not requested in the defendants’ pleadings.

Affirmed.

MAY, C.J., TAYLOR and CONNER, JJ., concur.

. On September 3, 2006, Florida Administrative Code Rule 69B-220.201(5) went into effect. In this case, the insurance claims arose out of a state of emergency declared before the effective date of the rule, but the contracts for public adjusting services and appraisal services were entered into after the effective date of the rule. Our disposition of this case makes it unnecessary to decide whether the rule applies in such a situation.