PER CURIAM.
Motion by the appellant for temporary-alimony while this case is on appeal.
The appellant, wife of the appellee, secured in a decree entered by the lower court the sum of $950 per month as permanent alimony and child support. Under the decision of Brooks v. Brooks, Fla.1958, 100 So.2d 145, in a special concurring opinion, Mr.. Justice Drew said:
“ * * * The wife, by accepting payment of sums awarded her in the final decree for alimony and expenses, waived the right to appeal from the decree with respect to such awards. 27 C.J.S. Divorce § 284, at page 1102. See also Stoneburg v. Stoneburg, 1935, 120 Fla. 188, 162 So. 334 and Larabee v. Larabee, 1935, 128 Neb. 560, 259 N.W. 520.”
The identical situation, as is here present, was present in Harris v. Harris, 67 App.D.C. 85, 89 F.2d 829.
Under the doctrine of Brooks v. Brooks, supra, and the cases therein cited, there will1 be many cases, where, as here, a wife, although being necessitous, will not be able tO' accept the decreed alimony while the case is being appealed. We are not able from the record before us on this motion to determine what would be a reasonable amount to allow as temporary alimony, but since the lower court determined the sum of $950 monthly to be a reasonable sum as. permanent alimony, we shall order such sum as temporary alimony to be due on the dates set forth in the decree appealed from. *473 Should this appeal be affirmed, the amounts paid as temporary alimony shall be applied as payments due under the decree of the lower court.
Motion granted.
ALLEN, Acting Chief Judge, SHANNON, J., and SPOTO, I. C., Associate Judge, concur.