223 So.2d 380 (1969)
David E.K. FRISCHKORN, Appellant,
v.
Thomasine G. FRISCHKORN, Appellee.
Nos. 68-688, 68-710.
District Court of Appeal of Florida. Third District.
May 13, 1969.
Rehearing Denied June 16, 1969.
*381 Smathers & Thompson, and Earl D. Waldin, Jr., Miami, for appellant.
Heiman & Crary, and Eugene C. Heiman, Miami, for appellee.
Before PEARSON and HENDRY, JJ., and LOPEZ, AQUILINO, Jr., Associate Judge.
PER CURIAM.
The appellant-husband, was the defendant below in a divorce action brought by the appellee. The husband has filed two separate appeals, case number 68-710 (interlocutory), and 68-688, both of which have been consolidated for this appeal. The factual setting necessary for an understanding of the appellant's points on appeal is as follows: (a) the parties cohabited in a state of marriage for approximately one year, whereupon their first separation and suit for divorce was filed; (b) a reconciliation was effected, and the parties continued their cohabitation until the present divorce action was filed; (c) in her complaint for divorce filed July 22, 1966, the wife moved for an allowance for a temporary alimony, counsel fees and suit money; (d) in response to said motion, the chancellor entered his order directing the defendant to pay to the plaintiff, as temporary alimony and support, $1,500.00 per month; (e) subsequent proceedings by the husband resulted in the court's order, entered July 11, 1967, which reduced the amount of temporary alimony from $1,500.00 per month to $750.00 per month, where it remained until the date that the final judgment was entered. Thus, under the two orders of the court mentioned above, the husband paid a total of $26,250.00 as temporary alimony.
On June 17, 1968, the chancellor entered his final judgment, finding the equities in the case to be with the wife. Pursuant thereto, in a lengthy statement setting forth in particular the findings of fact and certain other extraordinary occurrences in the cause, he awarded lump sum alimony of $100,000.00 to the wife. He also awarded, as attorney's fees, $25,000.00 to the wife's counsel.
After the defendant filed his notice of appeal, the wife applied to the court for temporary alimony pending appeal, pursuant to Rule 3.8(b), Florida Appellate Rules, 32 F.S.A. The court granted that request by directing the defendant to pay temporary alimony pending appeal to the plaintiff in the sum of $1,250.00 per month, and in addition, to also pay to the plaintiff a sum equal to the federal income tax which would be owed by the plaintiff or such temporary alimony so that plaintiff would net, after federal taxes, the full $1,250.00. In case number 68-710, the husband *382 has taken an interlocutory appeal from the order, supra, directing alimony pending appeal. It is the husband's contention that the chancellor abused his judicial discretion in entering that order. The voluminous record before us shows ample and sufficient evidence upon which the chancellor based his order directing temporary alimony pending appeal. Therefore, as to this point, the order of the court is affirmed.
In that same appeal, the husband has also questioned the order being appealed for the reason that said order failed to provide that the husband could credit all payments he makes as temporary alimony pending appeal, against his liability for the lump sum alimony. We agree that such amounts should properly be deducted from the final lump sum award once such award is determined. The purpose of the lump sum alimony is to discharge the husband from any further obligation to the wife after the date final judgment is entered; thus, payments made after this date, but pursuant to an order requiring temporary alimony pending appeal, goes toward discharge of that obligation. See Morton v. Morton, Fla.App. 1958, 104 So.2d 472. This court will also note, sua sponte, that any interest to be computed with regard to monies owing to the wife as a result of the final judgment, shall be based on the net amount owing to her, such amount having been determined in accordance with our holding above. Thus, the interlocutory order being appealed is hereby modified as set forth above.
In case number 68-688, the husband has taken a plenary appeal from the court's lump sum alimony award, and the court's award to the wife's attorneys. Basically, as to both awards, it is the appellant's contention that trial court abused its discretion in setting the amounts of each. We cannot agree. There is no need to detail the bitter and vituperative history of this particular divorce action. However, the record on appeal adequately sustains the chancellor's award. It is replete with evidence of the husband's financial worth, the wife's present economic needs, the husband's ability to pay, the details of the court's finding that the equities were in favor of the wife, and the extraordinary amount of work and time spent by wife's counsel, plus corroborative evidence of the reasonableness of the $25,000.00 fee. No showing of abuse having been made to appear, the final judgment of the chancellor is hereby affirmed.
Final judgment affirmed. Interlocutory order affirmed with modification.