275 So.2d 283 (1973)
George M. RANKIN, Appellant,
v.
Edith RANKIN, Appellee.
No. 72-393.
District Court of Appeal of Florida, Second District.
March 30, 1973.
R.J. Marshall, Palmetto, for appellant.
Braxton R. Ezell of Garland & Garland, Bradenton, for appellee.
McNULTY, Judge.
This is the second appearance of this cause before us. The parties hereto originally were granted a divorce on April 27, 1970. Theretofore, and during the pendency of that proceeding, appellee had been awarded temporary alimony in the amount of $40 per month. The final judgment gave appellee $1500 as lump sum alimony and a special equity in certain property. On appeal we reversed the judgment as it related to the special equity awarded appellee, but affirmed in all other respects, Fla. App., 249 So.2d 741. Meanwhile, during the appeal, appellant had continued paying the $40 per month although no application had been made either to the trial court or to this court for alimony pending appeal.
*284 Upon remand, the lower court entered an amended final judgment properly deleting the special equity award. But concerning the payments of $40 per month made during the appeal, he construed them to be a continuation of the temporary alimony originally ordered prior to the first judgment and refused to allow appellant credit against the permanent lump sum award. This appeal ensued.
Initially, we observe that a temporary alimony award pending the final judgment in the lower court is merged in the judgment[1] and does not continue after the judgment. Alimony pending an appeal may be awarded thereafter, of course, but it must be specifically requested upon taking the appeal.[2] Thus, the temporary alimony originally granted pending the divorce proceedings below does not automatically continue on as temporary alimony after judgment and during the pendency of an appeal. Accordingly, appellee was not properly awarded alimony pending the appeal to begin with, and, unless appellant is estopped because he may have lulled her into inaction by continuation of the original temporary award, appellee is not entitled thereto.
But, as to this, even if we assume that appellee was misled into not requesting temporary alimony pending appeal, she can be in no better position than if she had requested it and it had been granted. If granted, under Florida law, it must be deducted from lump sum awards. As our sister court in the third district said in Frischkorn v. Frischkorn,[3]
"... The purpose of the lump sum alimony is to discharge the husband from any further obligation to the wife after the date final judgment is entered; thus, payments made after this date, but pursuant to an order requiring temporary alimony pending appeal, goes toward discharge of that obligation. See Morton v. Morton, Fla.App. 1958, 104 So.2d 472."
Therefore, since there was a lump sum award here, the trial court should have credited against such sum the payments made pending the prior appeal. His failure to do so was error and the cause must be reversed and remanded for proceedings not inconsistent herewith.
Reversed.
MANN, C.J., and HOBSON, J., concur.
NOTES
[1] See, Young v. Young (Fla. 1953), 65 So.2d 28; and Duss v. Duss, 92 Fla. 1081, 111 So. 382 (1927).
[2] See Rule 3.8(b) F.A.R., 32 F.S.A.; and Young v. Young, id.
[3] (Fla.App. 1969), 223 So.2d 380, 382.