302 So.2d 795 (1974)
Leroy Patrick KELLER, Appellant,
v.
Mary Lee KELLER, Appellee.
No. 74-217.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied November 25, 1974.
Steinberg & Neustein, Miami Beach, for appellant.
Gold & Fox, Coral Gables, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
*796 HENDRY, Judge.
Appellant-respondent appeals a final judgment of dissolution of marriage, attacking various financial provisions which the court made to the petitioner-wife, the appellee herein. We affirm.
By his first two points, the appellant maintains that the evidence was insufficient to sustain the award of $172 per week in child support to the couple's four children, ages three to fourteen, and the award of the marital home to the wife as lump sum alimony.
Under the first point, appellant contends that nowhere in the record on appeal is there testimony or evidence concerning the needs of the children. We do not disagree with the husband's reliance on the principles of law found in Doane v. Doane, Fla. App. 1973, 279 So.2d 46 and Simonet v. Simonet, Fla.App. 1973, 279 So.2d 35.
However, our review of the record and transcript reveals to us that there was competent evidence before the trial judge concerning both the children's needs and their best interests and concerning the parents' financial situation. The trial court is vested with broad discretion on questions of child support, and we find no reason to disturb the award in this case.
Appellant's second point urges error in granting lump sum alimony because the evidence did not establish a special equity in the marital home. This point confuses the legal distinction between the two. We find nothing to indicate that the wife was seeking to establish a special equity.
In our view, appellant has not shown that the trial judge failed to properly consider both the wife's needs and the husband's ability to pay lump sum alimony. The husband received full control over an upholstery business which he and his wife started, and the wife received the marital home. We think this equitable division of the marital properties comports with the recognized partnership concept of marriage. See, Steinhauer v. Steinhauer, Fla. App. 1971, 252 So.2d 825.
Appellant's third point challenges the reduction to judgment of arrearages of temporary relief granted to the wife during the pendency of this action. The husband asserts that this sum should be a deduction from the lump sum alimony award, citing Frischkorn v. Frischkorn, Fla.App. 1969, 223 So.2d 380 and Rankin v. Rankin, Fla.App. 1973, 275 So.2d 283.
Each of the cited cases concerned questions of temporary alimony pending appeal, and are inapposite in the instant case. The court retains the inherent power to reduce to judgment its previous orders pertaining to temporary relief which are in arrears at the time final judgment is entered. Cf., Young v. Young, Fla. 1953, 65 So.2d 28.
As his fourth point, appellant raises error in the award of attorney's fees to the wife's attorney, contending that there is no evidence to sustain the award. However, a hearing was held on this question, and appellant has not provided this court with a transcript of the hearing. Therefore, we cannot determine whether or not the trial court has abused his discretion. See Marlin v. Marlin, Fla.App. 1967, 192 So.2d 778.
For the reasons stated, the judgment appealed is affirmed.
Affirmed.