PER CURIAM.
This is an interlocutory appeal by appellant from a post mandate order denying appellant a credit for sums paid as lump sum alimony award pending appeal.
In a previous appeal this court modified the original alimony judgment by reducing the lump sum award to $25,000.00 and ordering periodic rehabilitative alimony be paid by the husband for sixty months. Keller v. Keller, 348 So.2d 654 (Fla. 3d DCA 1977). Pending appeal by the husband, he was ordered by the trial judge to pay the sum of $1,300.00 per month as alimony until further order of the court. Pursuant to the court’s order the husband paid a total sum of $16,900.00.'
Following the issuance of this court’s mandate, the husband tendered the sum of $8,100.00 plus interest in the sum of $566.00 in full satisfaction of the lump sum portion of the award. The wife rejected the offer and moved the trial court to order the husband to comply with the final judgment as modified by this court requiring payment of $25,000.00 plus interest from July 15, 1976 in satisfaction of lump sum alimony portion of the final judgment. The trial court rejected the husband’s claim for credit for alimony paid pending appeal and ordered him to pay the entire sum of $25,000.00, plus interest. It is from that order that this appeal is taken.
The sole point presented for review is whether the trial court erred in denying appellant a credit for sums paid as alimony pending appeal, against the lump sum alimony award. We find error and reverse.
In Frischkorn v. Frischkorn, 223 So.2d 380 (Fla. 3d DCA 1969), we stated:
“We agree that such amounts should properly be deducted from the final lump sum award once such award is determined. The purpose of the lump sum alimony is to discharge the husband from any further obligation to the wife after the date final judgment is entered; thus, payments made after this date, but pursuant to an order requiring temporary alimony pending appeal, goes toward discharge of that obligation. See Morton v. Morton, Fla.App.1958, 104 So.2d 472.”
Since there was a lump sum award here, the trial court should have credited against such sum the payment made by appellant pending the prior appeal. His failure to do so was reversible error. Rankin v. Rankin, 275 So.2d 283 (Fla. 2d DCA 1973). Therefore, for the reasons stated and upon the authorities cited we must reverse the order appealed.
Reversed and remanded for further proceedings not inconsistent herewith.