ON MOTION TO REVIEW
HERSEY, Judge.
The motion to review the trial court’s order staying final judgment, setting super-sedeas, and fixing family support pending appeal is denied.
The final judgment of dissolution in this case awarded wife, inter alia, $1,000 per month per child in child support for the two children, $3,000 per month in rehabilitative alimony for five years and the husband’s interest in the marital home. Husband filed a motion for supersedeas and to fix alimony pending appeal, claiming that he was unable to make the payments and wished to post security as bond. The trial court entered an order staying the final judgment, setting a supersedeas by requiring husband to deliver a quit-claim deed to other property owned by husband to be held in trust and awarding wife $2,500 in family support.
Wife claims that she was awarded $5,000 in child support and alimony by the final judgment and that this amount cannot be reduced to $2,500 except as a result of modification proceedings. Although it is not usual to stay a final order in dissolution proceedings, such action is authorized by Rule 9.310, Florida Rules of Appellate Procedure. According to that rule
[A] party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify or deny such relief. A stay pending review may be conditioned upon the posting of a good and sufficient bond, other conditions, or both.
Thus, a trial court, in its sound discretion, may stay a final order of dissolution without providing for family support. However, pursuant to Rule 9.600, Florida Rules of Appellate Procedure, the trial court has “jurisdiction to enter ... orders awarding ... child support, alimony, or other awards necessary to protect the welfare and rights of any party pending appeal .... ”
The trial court here had jurisdiction to enter the order on review and since no abuse of discretion has been demonstrated that order is affirmed.
AFFIRMED.
LETTS, C.J., and ANSTEAD, J., concur.