PER CURIAM.
In a final judgment of dissolution the wife was awarded lump sum alimony in the amount of $300,000.00 and periodic alimony in the amount of $600.00 weekly. The judgment further provided that the periodic award would terminate upon the husband’s full payment of the lump sum award. Following an unsuccessful challenge to these awards on appeal, the husband asked the trial court to credit the amount of periodic payments he had made toward the lump sum obligation owed. The trial court order refusing to allow such'a credit is now before us on appeal.
In essence the husband claims that the periodic alimony constituted temporary alimony pending appeal and he relies on those decisions which have allowed credit for such payments against lump sum awards. Keller v. Keller, 356 So.2d 854 (Fla. 3d DCA 1978); Rankin v. Rankin, 275 So.2d 283 (Fla. 2d DCA 1973); Frischkorn v. Frischkorn, 223 So.2d 380 (Fla. 3d DCA 1969); and Morton v. Morton, 104 So.2d 472 (Fla. 2d DCA 1958). We do not believe these decisions are apt. In this case the husband was obligated to pay both a periodic award and a lump sum award. Those awards were payable regardless of whether the husband appealed or not. It appears from the record that the trial court intended that the wife receive an award of lump sum alimony in addition to any sums needed to support her until the receipt of that lump sum award. We have upheld the trial court’s discretion to make such an award. Leonard v. Leonard, 405 So.2d 732 (Fla. 4th DCA 1981), cert. denied 417 So.2d 329 (Fla.1982). In our view, the order now on review is consistent with the alimony scheme set out in the final judgment and such order was within the trial court’s authority.
*759 Accordingly, the order of the trial court is affirmed.
ANSTEAD, BERANEK and DELL, JJ., concur.