ESTATE OF MELINDA M. GARY, DECEASED, SUZAN YOUNG, PERSONAL REPRESENTATIVE, Petitioner v COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Gary v. Commissioner
Docket No. 7078-89
United States Tax Court
T.C. Memo 1991-38; 1991 Tax Ct. Memo LEXIS 57; 61 T.C.M. (CCH) 1762; T.C.M. (RIA) 91038; January 31, 1991, Filed *57 Decision will be entered under Rule 155. Allan B. Solomon, for the petitioner. James P. Dawson, for the respondent. COHEN, Judge. COHEN
MEMORANDUM OPINION Respondent determined a deficiency of $ 3,821 in decedent's Federal income tax for 1985. The sole issue for decision is whether a payment of $ 13,088 pursuant to a judgment of dissolution of decedent's marriage is includable in decedent's taxable income for 1985. Unless otherwise indicated, all section references are to the Internal Revenue Code as amended and in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The parties submitted this case for decision without trial under Rule 122. All of the facts have been stipulated. The stipulated facts are incorporated as our findings by this reference. Background
The petition in this case was filed by Melinda M. Gary (decedent). Decedent resided in Jupiter, Florida, at the time the petition was filed. Decedent died on March 28, 1990, and Suzan Young was appointed as the personal representative of decedent's estate. Decedent's marriage to T. Jack Gary III (the husband), was found to be irretrievably *58 broken on June 9, 1982, by the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (the trial court). On that date, the trial court entered a "Final Judgment of Dissolution of Marriage and Custody" and concluded that decedent was entitled "to permanent periodic alimony and lump sum alimony, * * * and a division of the marital domicile." On July 7, 1982, the trial court entered an order amending the judgment. The provisions of the judgment, as amended (the judgment), with respect to the lump-sum alimony payments are as follows: E. ALIMONY
Lump Sum - The husband shall pay to the wife as lump sum alimony the sum of money over a period of ten years and six months not to exceed $ 150,000.00 from the husband's gross bonus received from his employer, * * * said payments not to be less than $ 15,000.00 per year, payable as follows: January 31, 1983 and 1984 - 25% January 31, 1985 and 1986 - 20% January 31, 1987 and 1988 - 15% January 31, 1989 and 1990 - 10% January 31, 1991 and 1992 and 1993 - 10% These lump sum payments of alimony are computed so that by January 31, 1993, the wife will have received a total sum of $ 150,000.00 *59 as lump sum alimony; provided, however, that in no event shall the $ 150,000.00 be paid in less than ten (10) years, not less than $ 1,000.00 being paid on January 31, 1993. In the event the husband changes employers or is otherwise employed, his obligation under this provision will continue to be a minimum of $ 15,000.00 per year due on January 31st of each year (except that the last $ 1,000.00 payment shall be made on January 31, 1993) until paid in full the total sum of $ 150,000.00, on or before January 31, 1993. This obligation shall be terminated upon the death of the husband prior to the payment of the full $ 150,000.00. The trial court also ordered the husband to pay decedent (1) monthly "permanent periodic alimony" payments, until the death or remarriage of decedent, and (2) monthly "rehabilitative alimony" payments through December 1983. Decedent and the husband each appealed the judgment to the Fourth District Court of Appeal of Florida (the appellate court). Decedent submitted that, with respect to the lump-sum alimony payment, the issue to be decided by the appellate court was whether the trial court "abuse[d] its discretion in awarding Lump Sum *60 Alimony tied to Bonus only and on a decreasing scale over ten years;" the husband proposed that the issue to be decided by the appellate court was whether "the trial court award[ed] the [decedent] an excessive amount of Lump Sum Alimony." During the time that the judgment was on appeal, neither party posted bond or filed a Motion to Stay Pending Review. In an opinion filed December 28, 1983, the appellate court held that "the award of lump sum alimony should not be restricted to the husband's bonus." Gary v. Gary, 442 So. 2d 1107, 1108 (Fla. Dist. Ct. App. 1983). Accordingly, the appellate court modified the judgment of the trial court with respect to lump-sum alimony, as follows: The award of lump sum alimony shall be paid at the rate of $ 15,000.00 per year until fully paid; it shall not be restricted to the husband's annual bonus and it shall not terminate sooner in the event of the husband's death. [442 So. 2d at 1108.]
The husband made lump-sum alimony payments to decedent in the amounts of $ 18,388, $ 15,000, and $ 13,088, on January 31, 1983, 1984, and 1985, respectively. The husband deducted the $ 13,088 as alimony paid *61 on his 1985 Federal income tax return; decedent did not include this amount as income on her 1985 Federal income tax return. Discussion
Petitioner bears the burden of proof. Rule 142(a). Section 71(a) provides that payments of alimony are includable in the recipient's income. Section 71 was amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 494, and was further amended by the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085. The 1984 amendments generally apply to divorce or separation instruments executed after December 31, 1984 (Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 422(e)(1), 98 Stat. 494, 798); similarly, the 1986 amendments generally apply to instruments executed after December 31, 1986, Tax Reform Act of 1986, Pub. L. 99-514, sec. 1843(c)(2)(A), 100 Stat. 2085, 2854). Because the judgment in this case was entered by the trial court and amended by the appellate court prior to the effective dates of those acts, neither the 1984 amendments nor the 1986 amendments apply in this case. As applicable to the year in issue, section 71(a)(1) provided: (a) General Rule. -- (1) Decree of divorce or separate maintenance. -- If a *62 wife is divorced * * * under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of * * * a legal obligation which * * * is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.
Under section 71(c)(1), "installment payments discharging a part of an obligation the principal sum of which is * * * specified in the decree * * * shall not be treated as periodic payments." Section 71(c)(2), however, excepted from the provisions of section 71(c)(1) certain payments. Specifically, section 71(c)(2) provided: (2) Where period for payment is more than 10 years. -- If, by the terms of the decree * * * the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree * * * then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal *63 sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received.
The relevant statutory requirement that must be satisfied in order to come within the exception under section 71(c)(2) is that "the installment payments must or may be payable 'over a period ending more than 10 years from the date of [the] decree, instrument, or agreement.'" Emphasis in original; Prince v. Commissioner, 66 T.C. 1058, 1063 (1976). The issue for decision in this case is whether the $ 13,088 payment to decedent in 1985 is a periodic payment described in section 71(c)(2) and, therefore, includable in decedent's gross income under section 71(a)(1). The determinative factor is whether the 10-year period of section 71(c)(2) is measured from the date of the trial court's judgment in 1982 or from the date of the appellate court's opinion in 1983. Petitioner's position, as set forth in its brief, is that: The [appellate court] determined the rights of the parties with respect to *64 the payment of lump-sum alimony under Florida law, and further held that such payments were to be paid in less than ten years. Accordingly, under Code Section 71, such installments are not deductible by the payor spouse, nor includable in income by the recipient spouse.
The appellate court did not, however, hold that "such payments were to be paid in less than ten years." It, in effect, affirmed the schedule of payments ordered by the trial court while modifying the amount of those payments. Petitioner argues that the trial court's judgment "was not determinative of the rights of the parties with respect to alimony until after the [appellate court] had considered and ruled on the order" and that the "modification" by the appellate court was merely a "correction" of the trial court's determination. Accordingly, petitioner asserts that, because no additional facts or circumstances were considered by the appellate court and because neither party appealed the decision of the appellate court, the appellate court's decision "was the final determination of the rights of the parties with respect to lump sum alimony." Respondent contends that the lump-sum alimony payments *65 arose out of the trial court's judgment and that, once that judgment was entered, the obligation to pay was "fixed and final" regardless of the process of appeal. Accordingly, respondent asserts that the trial court's judgment awarding decedent lump-sum alimony is the source of the alimony payments, regardless of any modification of that award by the appellate court. To ascertain whether the payment is within section 71(c)(2), we must determine the source of the obligation of the husband to make the payments. See Prince v. Commissioner, 66 T.C. 1058, 1063 (1976). That is, we must ascertain whether the husband's obligation to make the installment payments was effective as of the date of the trial court's judgment or was effective as of the date of the decision of the appellate court that modified the trial court's judgment. This determination is controlled by applicable State law. See Wright v. Commissioner, 62 T.C. 377, 393 (1974), affd. 543 F.2d 593 (7th Cir. 1976). In a dissolution of marriage action, the trial court is vested with broad discretion to achieve equity when dividing property between the parties and when *66 granting alimony. Kaylor v. Kaylor, 466 So. 2d 1253, 1254 (Fla. Dist. Ct. App. 1985). There are three recognized types of alimony in Florida -- permanent periodic, rehabilitative, and lump-sum alimony; the trial court may award alimony in any combination thereof. Fla. Stat. Ann. section 61.08(1) (West 1985); Kirchman v. Kirchman, 389 So. 2d 327, 329-330 (Fla. Dist. Ct. App. 1980). The liability of the payor to make periodic payments terminates upon death unless the obligation is assumed as one payable out of the estate after death. Gordon v. Gordon, 335 So. 2d 321, 323 (Fla. Dist. Ct. App. 1976). In contrast, once a final judgment is entered, an award of lump-sum alimony is "a vested right which is neither terminable upon a spouse's remarriage or death nor subject to modification." Canakaris v. Canakaris, 382 So. 2d 1197, 1201 (Fla. 1980). In addition, the form of payment of the lump-sum award is not relevant. The Florida courts have stated that: Even where payable in installments * * * the lump sum is a fixed amount vested in the wife, and the husband's obligation to pay it has every element *67 of finality. [The wife's] right to receive lump sum alimony in equal monthly installments became fixed and final under the final judgment. [Storer v. Storer, 353 So. 2d 152, 158 (Fla. Dist. Ct. App. 1977).]
If a party appeals an award of lump-sum alimony, the trial court retains jurisdiction to enforce its orders pending appeal. Specifically, rule 9.6(c), Florida Rules of Appellate Procedure, provides that: (c) Dissolution of Marriage Actions: In dissolution of marriage actions the lower tribunal shall retain jurisdiction to enter and enforce orders awarding * * * alimony * * *
A party must comply with an order settling the parties' property rights until that order is "vacated or modified by that court or until it has been reversed on appeal, no matter how unreasonable or erroneous." Kaylor v. Kaylor, 466 So. 2d 1253, 1254 (Fla. Dist. Ct. App. 1985). Furthermore, an award of lump-sum alimony ordered in a final judgment of dissolution is payable regardless of whether either party appeals that judgment. Leonard v. Leonard, 427 So. 2d 758 (Fla. Dist. Ct. App. 1983). Finally, amounts paid during *68 the time that an appeal of an award of lump-sum alimony is pending are made in discharge of the obligation that arose under the final judgment. Frischkorn v. Frischkorn, 223 So. 2d 380, 382 (Fla. Dist. Ct. App. 1969). In reviewing alimony awards, an appellate court should not reverse or revise the awards "unless they represent an abuse of discretion or are unsupported by material competent evidence." Royal v. Royal, 263 So. 2d 277, 279 (Fla. Dist. Ct. App. 1972). To determine if the trial court has abused its discretion, the reviewing court applies a "reasonableness" test. Canakaris v. Canakaris, 382 So. 2d 1197, 1203 (Fla. 1980). In view of the foregoing principles of Florida law, the obligations imposed upon the husband under the trial court's judgment became binding as of the date in 1982 that the judgment was entered. The husband was required to make payments pending appeal, and any amounts paid during that period were made in discharge of the obligation that arose under the trial court's judgment. By the terms of that judgment, the payments were due over a period ending more than 10 years from the date of the judgment. *69 As petitioner acknowledges in its brief, the opinion of the appellate court merely "modified" the judgment of the trial court. The appellate court found an abuse of discretion in restricting the lump-sum alimony payments to the husband's bonus and required the husband to pay "at the rate of $ 15,000 per year." Under the terms of the trial court's judgment, however, the husband was similarly required to make payments that were "not to be less than $ 15,000 per year." For purposes of section 71(c)(2), therefore, the husband's obligation to make the installment payments was not affected by the opinion of the appellate court. The judgment of the trial court was fixed as of the date of issuance and is controlling for Federal income tax purposes. To implement the stipulation of the parties, Decision will be entered under Rule 155.