ON MOTION TO REVIEW DENIAL OF ALIMONY PENDING APPEAL

PER CURIAM.
We grant Appellani/wife’s motion to review an order denying her motion for temporary support pending appeal, and reverse the order. See Hilsman v. Hilsman, 421 So.2d 770 (Fla. 4th DCA 1982).
After filing a notice of appeal from a dissolution judgment, which included an award of alimony, the wife sought temporary alimony pending appeal in an amount in excess of the award in the judgment. In denying relief, the trial court acknowledged that the standard it was applying in evaluating the wife’s motion was the test used in actions for modification of a judgment, thereby requiring the wife to demonstrate that a substantial change in circumstances had occurred in the brief time subsequent to entry of the judgment.
Florida Rule of Appellate Procedure 9.600(c) provides that pending appeal in dissolution actions, the trial court retains jurisdiction to “enter and enforce orders awarding ... child support, alimony, or other awards necessary to protect the welfare and rights of any party pending appeal....” Patently, this provision is not a substitute for a petition for modification under the statute. When a trial court temporarily alters the provisions in the final judgment for the purpose of protecting the welfare or rights of a party pending appeal, the terms of the judgment are not affected.
There is no reason to read into the rule a requirement that a party seeking temporary relief under it must meet the heavy burden established in modification proceedings. Although in Hilsman, the relief requested was a temporary reduction in the husband’s obligation pending appeal, the standards applied by the court should not differ simply because the relief needed is an increase, rather than reduction, in support. Here, the wife contends that a temporary award in excess of that provided in the judgment is just, as the alimony award in the judgment was “inextricably intertwined” with an equitable distribution, the benefits of which will be delayed until resolution of the appeal.
We emphasize that we give no consideration to the merits of the movant’s claim, but disapprove only of the test applied in reaching the court’s decision. Therefore, the order is reversed and we remand for further *976 proceedings in the exercise of the trial court’s concurrent jurisdiction.
DELL, STONE and WARNER, JJ., concur.