775 So.2d 973 (2000)
Howard E. McPHERSON, Appellant/Cross-Appellee,
v.
Norma McPHERSON, Appellee/Cross-Appellant.
No. 4D00-1688.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
David J. Schottenfeld of David J. Schottenfeld, P.A., Plantation, for appellant/cross-appellee.
Robert L. Bogen of Law Offices of Braverman & Rossi, Boca Raton, for appellee/cross-appellant.

ON MOTION TO REVIEW DENIAL OF ALIMONY PENDING APPEAL
GROSS, J.
The final judgment of dissolution in this case denied the former wife's request for alimony, based on a ruling upholding the parties' antenuptial agreement. The judgment also equitably distributed $1,446,557 of marital property and $450,000 of marital liabilities. Included in the award to the former wife was a condominium valued at $335,000 and a cash payment of $93,201.
The former husband appealed the final judgment and the former wife cross-appealed. The trial court granted the former husband's motion for stay pending appeal, on the condition that he post a supersedeas bond of $250,000. The former husband posted a bond of $111,841.20. He has moved in the circuit court for clarification concerning his obligation to post the remaining amount.
The former wife moved for alimony pending appeal. The trial court was concerned about its authority to award alimony pending appeal, when alimony was denied in the final judgment. The former wife argued that the stay of the $93,201 cash payment had placed her in a difficult financial position, since that was the only liquid asset she was to receive as a result of the final judgment. After taking the matter under advisement, the trial court denied the motion for alimony pending appeal.
Florida Rule of Appellate Procedure 9.600(c)(1) states that in a family law case the trial court retains jurisdiction to enter orders awarding alimony or "other awards necessary to protect the welfare and rights *974 of any party pending appeal." The rule does not limit the court's power to award alimony pending appeal to those cases where alimony has been awarded in the final judgment. A party's "welfare" may well depend on receiving an equitable distribution. In this case, a significant cash payment has been stayed until the resolution of appeal. The trial court has the power to award alimony pending appeal in this case, if it finds that it is "necessary to protect the welfare and rights" of the former wife pending appeal.
This case is similar to Goodman v. Goodman, 664 So.2d 975, 975 (Fla. 4th DCA 1995), where we recognized that under Rule 9.600(c) a court might properly award temporary alimony pending appeal in an amount in excess of the award in the judgment, where the alimony award "was `inextricably intertwined' with an equitable distribution, the benefits of which will be delayed until resolution of the appeal."
In a nutshell, we hold that the trial court has the power to award alimony pending appeal in this case. We do not consider the merits of the former wife's claim. The order denying temporary alimony pending appeal is reversed and the case is remanded for the trial court to consider the merits of the motion under Rule 9.600(c).
DELL and STONE, JJ., concur.