896 So.2d 814 (2005)
David MARKIN, Appellant,
v.
Susan MARKIN, Appellee.
Nos. 4D02-4214, 4D03-465.
District Court of Appeal of Florida, Fourth District.
February 16, 2005.
Rehearing Denied April 13, 2005.
Joel M. Weissman of Weissman and Yaffa, P.A., West Palm Beach, for appellant.
Jeffrey D. Fisher and Georgia T. Newman of Fisher & Bendeck, P.A., West Palm Beach, and Philip M. Burlington of Philip M. Burlington, P.A., West Palm Beach, for appellee.
PER CURIAM.
We affirm on appeal and cross-appeal in all respects, except that we remand the case to the trial court so that David Markin's post-judgment alimony payments of $10,000 per week, as ordered by the trial court to secure his payment of the cash lump sum necessary to effect an equitable distribution, can be credited against the outstanding amount of the lump sum cash payment.
This conclusion is based on McPherson v. McPherson, 775 So.2d 973 (Fla. 4th DCA 2000), in which the final judgment of dissolution awarded the former wife, in part, a cash payment of $93,201. Id. at 973. The former wife requested alimony pending appeal to meet her financial needs because the cash payment was the only liquid asset she would receive and its payment was stayed. Id. The trial court denied the former wife's request for alimony. Id. This Court reversed and remanded for the trial court to consider the request under Florida Rule of Appellate Procedure 9.600(c)(1) which grants the trial court jurisdiction to enter post-judgment awards "necessary to protect the welfare and rights of any party pending appeal." Id. at 973-974. This is especially the case where an award of post-judgment alimony is "inextricably intertwined" with a not yet paid cash equitable distribution award. Id. at 974.
In the case at bar, the trial court was well within its discretion to award Susan Markin post-judgment alimony until such time as David Markin paid her the lump sum cash portion of the equitable distribution award. However, based on Frischkorn v. Frischkorn, 223 So.2d 380 (Fla. 3d DCA 1969), we remand to the trial court for the full value of David Markin's post-judgment alimony payments to be credited against the outstanding amount of the *815 lump sum cash payment. In Frischkorn, the court wrote:
The purpose of lump sum alimony is to discharge the husband from any further obligation to the wife after the date final judgment is entered; thus, payments made after this date, but pursuant to an order requiring temporary alimony pending appeal, goes toward discharge of that obligation.
Id. at 382. The trial court stated in the final judgment in the case at bar that "[a]lthough the payment is pursuant to equitable distribution, the court finds that the equalizing payment is in the nature of support because the funds so transferred are intended to enable the wife to be self-supporting," so that a credit is appropriate under the rationale of Frischkorn.
AFFIRMED and REMANDED for further proceedings consistent with this opinion.
GUNTHER, STONE and STEVENSON, JJ., concur.