DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID STEPHEN REIDY,**
Appellant,

v.

**LIUDMYLA Y. REIDY,**
Appellee.

No. 4D17-687

[December 20, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Alfred J. Horowitz, Judge; L.T. Case No. FMCE 14-006256 (38).

Carla Lowry of Lowry at Law, P.A., Fort Lauderdale, for appellant.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, for appellee.

GROSS, J.

After trial, the circuit court rejected the Former Wife's claim for alimony. The original judge granted a motion for disqualification. A successor judge ordered the payment of temporary alimony in a lump sum and monthly payments pending appeal. We reverse these awards because the successor judge did not apply the correct standard for an award of post-judgment temporary alimony when alimony has been rejected in the final judgment.

In August, 2016, Judge Timothy Bailey entered a Final Order of Dissolution of Marriage. The Final Judgment denied the Former Wife's requests for both alimony and attorney's fees.

As to alimony, the trial court noted that this was a short-term marriage and that the parties had been in divorce litigation for much of the marriage. The court also observed that Former Wife was going to receive a six-figure equitable distribution.

As to attorney's fees, the court acknowledged that over $200,000 had been spent on lawyers, accountants, mediators, and court reporters. The

court referenced the conduct of the Former Wife that unnecessarily prolonged the litigation.[1]

After entering the final judgment, Judge Bailey granted the Former Wife's motion for disqualification and the case was reassigned to Judge Horowitz.

In October, 2016, the Former Wife moved for temporary alimony pending appeal. She also moved for appellate attorney's fees. At the hearing on the motion, the trial judge framed the issue as "need and ability" to pay. The Former Wife put on evidence of her limited financial situation and the Former Husband's ability to pay support. The court refused to hear the Former Husband's evidence of the "frivolous litigation" that had "pervaded [the] entire divorce proceeding." No evidence was presented regarding the necessity of temporary support to protect the Former Wife's interests on appeal. There was no mention of the Former Wife's ability to access the funds she was awarded as equitable distribution.

In February, 2017, the circuit judge ordered the Former Husband to pay $5,150 as a lump sum, $2,200 per month as temporary alimony, $20,000 in appellate attorney's fees, and $3,008.85 as costs on appeal.

The Former Husband appealed this order. This court granted a stay as to the $2,200 monthly payments.

Where the trial court has rejected a claim for alimony after a full trial, an award of temporary alimony pending appeal is permitted only in narrow circumstances. Section 61.071, Florida Statutes (2017), pertains to alimony in a dissolution proceeding and does not address a temporary award post-dissolution. Section 61.16(1), Florida Statutes (2017), provides for attorney's fees and costs "reasonably necessary to prosecute or defend an appeal," but is silent on the issue of temporary alimony pending appeal; contrary to the Former Wife's argument, this section cannot be read to authorize an award of temporary alimony post-dissolution where a request for alimony has been rejected in the final judgment.

Florida Rule of Appellate Procedure 9.600(c)(1) provides that, pending an appeal, the "lower tribunal" retains jurisdiction to make "awards necessary to protect the welfare and rights of any party pending appeal."

This court has read the rule to allow temporary alimony necessary to "protect the welfare and rights" of a party; the "rule does not limit the

---

[1] This court affirmed the August, 2016 final judgment. *See Reidy v. Reidy*, No. 4D16-3731, 2017 WL 4550851 (Fla. 4th DCA Oct. 12, 2017).

court's power to award alimony pending appeal to those cases where alimony has been awarded in the final judgment." *McPherson v. McPherson*, 775 So. 2d 973, 974 (Fla. 4th DCA 2000).

*McPherson* presents a situation where an equitable distribution award had been stayed, so temporary alimony was necessary to protect the welfare of a party. There, the former wife moved for alimony pending appeal, arguing that the stay of her equitable distribution funds "had placed her in a difficult financial position, since that was the only liquid asset she was to receive as a result of the final judgment." The trial court denied the motion due to its concern that alimony had been denied in the final judgment. *Id.* at 973. On appeal, we held that the circuit court had the power to award temporary alimony if it found that alimony was necessary to protect the welfare and rights of the former wife pending appeal. *Id.* at 974. We noted that a significant cash payment had been stayed until the resolution of the appeal, and stated that "[a] party's 'welfare' may well depend on receiving an equitable distribution." *Id.*

There, we cited *Goodman v. Goodman*, 664 So. 2d 975, 975 (Fla. 4th DCA 1995), which "recognized that under rule 9.600(c), a court might properly award temporary alimony pending appeal in an amount in excess of the award in the judgment, where the alimony award "was 'inextricably intertwined' with an equitable distribution, the benefits of which will be delayed until resolution of the appeal."" *McPherson*, 775 So. 2d at 974.

Here, the circuit court improperly treated the issue as one of "need and ability to pay," the test to be applied at a pre-judgment temporary relief hearing. The awards of $5,150 as a lump sum and $2,200 per month were authorized only if they were necessary to protect the welfare and rights of the former wife pending appeal. We therefore reverse as to these amounts and remand to the circuit court for further proceedings. If the court determines that post-judgment alimony was appropriate, the court should consider whether the Former Husband is entitled to a credit on the equitable distribution. *See Markin v. Markin*, 896 So. 2d 814 (Fla. 2d DCA 2005).

We affirm the award of appellate attorney's fees and costs without further comment.

*Affirmed in part, reversed in part and remanded.*

MAY and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**